UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
U.S. DISTRICT COURT
DISTRICT OF COLUMBIA
2006 NOV 17 PM 5:06
NANCY M.
MAYER-WHITTINGTON
CLERK

FRED E. WEIDERHOLD, JR.
  AS INSPECTOR GENERAL
NATIONAL RAILROAD PASSENGER
  CORPORATION

    Petitioner

    v.

KNORR BRAKE CORPORATION,

    Respondent.

Civil No. 1:06 MS 423
(PLF) (dar)

**PETITIONER'S MOTION TO SCHEDULE HEARING
ON PETITION FOR SUMMARY ENFORCEMENT OF
<u>ADMINISTRATIVE SUBPOENA ON DECEMBER 12, 2006</u>**

Petitioner Fred E. Weiderhold, Jr., Inspector General ("IG") of the National Railroad Passenger Corporation ("Amtrak"), through his undersigned attorney, respectfully moves this Court pursuant to Rule 6, Fed.R.Civ.P. and Local Rule 16.1(a), to hold, on December 12, 2006, the hearing on the merits in this summary proceeding to enforce an administrative subpoena, issued by Petitioner in May 2005 to Respondent Knorr Brake Corporation ("Knorr").

As discussed in the accompanying memorandum, this Court inquired about the consolidation of this action ("Knorr Enforcement Action") with a related action, <u>Weiderhold v. Bombardier, et al.</u>, Civil No. 1:05-MS-0367 (PLF)(dar) ("Bombardier Enforcement Action"), and having the hearing resolve the issues in each proceeding.[1]

---

[1] Petitioner concurs that consolidating the Bombardier Enforcement Action and the Knorr Enforcement Action will promote judicial economy.

On November 16, 2006, Counsel for Bombardier, Inc. ("Bombardier"), Alstom Transportation, Inc. ("Alstom") and Northeast Corridor Maintenance Services Company ("NeCMSC"), collectively referred to as the "Bombardier Respondents," placed a telephone conference call to the Court and Petitioner's counsel to schedule a hearing in both actions that had been previously described to all counsel as being on the merits. Bombardier Respondents' counsel placed the call without providing prior notice to Petitioner's counsel. As a result, David Sadoff, Petitioner's counsel in the Bombardier Enforcement Action, did not participate. Additionally, Counsel for Knorr did not participate in the conference call.

During the telephone conference, the November 20, 2006 hearing was re-scheduled for December 12, 2006 and its purpose was changed to a status conference with the hearing on the merits delayed until a later date.

Immediately after the telephone conference with the Court ended, Mr. Sadoff learned of its occurrence and placed calls to Bombardier Respondents' counsel seeking to resume the conference and to participate. Counsel for Bombardier and NeCMSC stated that an order had been entered and that he would not participate in a conference call to the Court. Counsel for Respondent Alstom and NeCMSC did not return the message left for him.

Delaying until sometime after December 12, 2006 to resolve important issues of non-compliance with an administrative subpoena is both unwarranted and unreasonable. Prompt adjudication of the Knorr Enforcement Action is both appropriate and consistent with pertinent case law.

Accordingly, Petitioner respectfully requests that the status conference now scheduled to December 12, 2006 be restored to a hearing on the merits of the Knorr Enforcement Action.

Respectfully submitted,

COLIN C. CARRIERE (# 375016)
Counsel to the Inspector General
Office of the Inspector General
National Railroad Passenger Corporation
10 G Street, Northeast
Room 3E-404
Washington, DC  20002
Tele: (202) 906-4355

JAMES E. TATUM, JR. (# 432860)
Associate Legal Counsel to the Inspector General
Office of the Inspector General
National Railroad Passenger Corporation
10 G Street, Northeast
Room 3E-414
Washington, DC  20002
Tele: (202) 906-4151

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRED E. WEIDERHOLD, JR. :
  AS INSPECTOR GENERAL :
NATIONAL RAILROAD PASSENGER :
  CORPORATION :
                                        :
    Petitioner :
                                        :
    v. :          Civil No. 1:06 MS 423
                                        :          (PLF) (dar)
                                        :
KNORR BRAKE CORPORATION, :
                                        :
    Respondent. :

**PETITIONER'S MEMORANDUM IN SUPPORT OF
MOTION TO SCHEDULE HEARING ON PETITION
FOR SUMMARY ENFORCEMENT OF ADMINISTRATIVE
<u>SUBPOENAS ON DECEMBER 12, 2006</u>**

Petitioner Fred E. Weiderhold, Jr., Inspector General ("IG") of the National Railroad Passenger Corporation ("Amtrak"), through his undersigned attorney, respectfully moves this Court pursuant to Rule 6, Fed.R.Civ.P. and Local Rule 16.1(a), to hold, on December 12, 2006, the hearing on the merits in this summary proceeding to enforce an administrative subpoena, issued by Petitioner in May 2005 to Respondent Knorr Brake Corporation ("Knorr").

Petitioner describes below its understanding of the pertinent events and communications relating to scheduling the December 12, 2006 "status conference."

1.    On September 18, 2006, Petitioner filed a Motion to Enforce Administrative Subpoena against Knorr Brake Corporation ("Knorr Enforcement Action"). At the time of this filing, Petitioner provided "Notice of Related Case" in

reference to <u>Weiderhold v. Bombardier, et al.</u>, Civil No. 1:05-MS-0367 (PLF)(dar) (the "Bombardier Enforcement Action").

2. On October 13, 2006, Judge Friedman issued an order directing Knorr to show cause, in writing, on or before November 9, 2006 why it should not be compelled to obey Amtrak' OIG subpoena.

3. On November 3, 2006, Knorr sought a consent order from Judge Friedman to expand Respondent's time to reply until November 13, 2006. Respondent's request was granted on November 6, 2006.

4. On November 8, 2006, Judge Friedman issued an order referring the Knorr Enforcement Action to this Court.

5. On November 14, 2006, James Tatum, Jr., Counsel for Petitioner in the Knorr Enforcement Action, received a voice mail message from this Court's secretary. The Court's secretary stated that she was calling to set up a hearing on the referred matter for November 20, 2006.

6. On November 14, 2006, Mr. Tatum received a second telephone call from the Court's Secretary. During this conversation, the Court's secretary inquired whether or not the Knorr Enforcement Action could be consolidated with the Bombardier Enforcement Action and placed on the calendar for a hearing on November 20, 2006.[1] Mr. Tatum asked the Court's secretary for an opportunity to review the matter and the chance to speak with her later that day.

7. Subsequently, Mr. Tatum and David Sadoff, Counsel for Petitioner in the Bombardier Enforcement Action, called the Court's secretary about the proposed

---

[1] The Bombardier Enforcement Action had previously been scheduled for a "status conference" for November 20, 2006.

2

November 20, 2006 hearing. Mr. Sadoff inquired whether the hearing would address the merits of the Bombardier Enforcement Action or would be limited to scheduling a hearing on the merits.[2] The Court's secretary left the telephone conference for a few moments, and returned stating that the hearing would be on the merits and that Petitioner should have available at that time any witness whose testimony would be relied upon.

    8.    The Court's secretary again asked whether or not the Bombardier Enforcement Action and the Knorr Enforcement Action could be combined and a hearing on the merits set for both matters on November 20, 2006. Mr. Tatum stated that response to the Knorr Enforcement Action was not due until November 16, 2006, and Petitioner's reply, if any, would not be due until November 24, 2006. The Court's secretary then provided alternative dates including: November 27th, November 30th, December 4th, December 11th and December 12th for a hearing on the merits on both enforcement actions. The Court's secretary requested that Petitioner's counsel contact counsel for Bombardier, Inc. ("Bombardier"), Alstom Transportation, Inc. ("Alstom") and Northeast Corridor Maintenance Services Company ("NeCMSC") and Knorr to determine a date when all counsel would be available for the hearing on the merits, and then inform this Court's chambers of the new proposed hearing date.

    9.    On November 14, 2006, Mr. Tatum telephoned Philip Le B. Douglas, Counsel for Bombardier and NeCMSC, described the conversation with this Court's secretary and asked him on which of the dates he would be available for a hearing on the merits. Mr. Douglas stated his belief that November 20, 2006 court date was a status conference and not a hearing on the merits. Mr. Douglas further stated that he wanted to

---

[2] Mr. Sadoff had previously inquired of the Court's secretary concerning the nature of the November 20, 2006 hearing and had been told that it would be a hearing on the merits. Mr. Sadoff sought to confirm this fact.

keep the November 20, 2006 date as a status conference, but was not prepared to conduct a hearing on any of the dates provided by the Court. Mr. Douglas concluded the conversation by stating that he would get back to Mr. Tatum.

10. On November 15, 2006, Mr. Tatum contacted Franklin Parker, Counsel for NeCMSC. Mr. Tatum described the conversation with this Court's secretary and asked him on which of the dates he would be available for a hearing on the merits. Mr. Parker stated that he would get back to Mr. Tatum.

11. On November 15, 2006, Mr. Tatum discussed the matter via electronic mail with John G. DeGooyer, Counsel for Knorr. In his electronic mail, Mr. Tatum described the conversation with this Court's secretary and asked him on which of the dates he would be available for a hearing on the merits. Mr. DeGooyer replied, via electronic mail that he was available for a hearing on the merits on either December 11th or 12th, but preferred December 12, 2006.

12. On November 16, 2006, without prior notification, and without additional response to communications with counsel on November 14 and 15, Mr. Tatum received a conference call from Mr. Parker. Mr. Tatum attempted to join Mr. Sadoff into the conference call, without success. Also on the call were Mr. Douglas and this Court's secretary. During the conference call, the Court's secretary asked about counsel's availability for a hearing on the merits. Mr. Tatum indicated that he, Mr. Sadoff and Mr. DeGooyer (who was not on the conference call) were available on December 12, 2006.

13. When no objection was raised to the December 12, 2006 hearing on the merits, Mr. Douglas suggested that it be a status hearing. Mr. Douglas stated that the

4

hearing set for November 20, 2006, was a status conference. Mr. Tatum stated that Petitioner's understanding that the December 12, 2006 hearing would be on the merits.

14. After brief conversation, the Court's secretary stated that the hearing scheduled for November 20, 2006 was a status conference and that the December 12, 2006 hearing should be the same. Mr. Tatum responded that, if that were to be, then the Petitioner would request that the November 20, 2006 date be kept as a status conference. Mr. Douglas stated that he had a separate matter before the Chancery Court in Delaware set for November 20, 2006, and would be unavailable until later in the day.

15. The court's secretary stated that, since everyone was available on December 12, 2006, that date would be a status conference.

16. Immediately after the telephone conference with the Court ended, Mr. Sadoff learned of its occurrence and placed calls to Respondents' counsel seeking to resume the conference and to participate. Mr. Douglas stated that an order had been entered and that he would not participate in a conference call to the Court. Mr. Parker did not return the message left for him.

5

## Conclusion

As noted in Petitioner's previously submitted memoranda, the Bombardier and Knorr Enforcement Actions raise important legal issues including non-compliance with subpoenas for electronic documents, and certification of the completeness of production in response to administrative subpoenas issued nearly 1 1/2 years ago. Actions for judicial enforcement like the present ones are routinely decided on an expedited basis, upon the pleadings and submissions of the parties. An evidentiary hearing is neither customary nor, given the facts of this case, warranted.

Respectfully submitted,

COLIN C. CARRIERE (# 375016)
Counsel to the Inspector General
Office of the Inspector General
National Railroad Passenger Corporation
10 G Street, Northeast
Room 3E-404
Washington, DC 20002
Tele: (202) 906-4355

JAMES E. TATUM, JR. (# 432860)
Associate Legal Counsel to the Inspector General
Office of the Inspector General
National Railroad Passenger Corporation
10 G Street, Northeast
Room 3E-406
Washington, DC 20002
Tele: (202) 906-4882