# Exhibit 1



**FOLEY & LARDNER LLP**
**ATTORNEYS AT LAW**

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

CLIENT/MATTER NUMBER
999450-0101

June 2, 2005

**CONFIDENTIAL – FOIA EXEMPT**

<u>**VIA FACSIMILE (202.906.4309) AND U.S. MAIL**</u>

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street N.E., Suite 3E-400
Washington, D.C. 20002

    Re:  Office of Inspector General Subpoena Number 05-03
       <u>Issued May 5, 2005 to Knorr Brake Corporation</u>

Dear Mr. Carriere:

   Thank you for meeting with us this afternoon to discuss the subpoena issued on May 5, 2005 by the Office of Inspector General ("OIG") of National Railroad Passenger Corp. ("Amtrak") to our client Knorr Brake Corporation ("Knorr").

   We are writing to confirm that the OIG has agreed to adjourn the return date of June 6, 2005 as stated in subpoena. Also, we understand that OIG has prioritized its requests as follows: (i) documents relating to all contracts, subcontracts and/or agreements between Knorr and any other entity relating to the Amtrak Acela trains (as specified in request number 1 of the subpoena, but limited at this time to the basic contract documents), (ii) all documents relating to what you described as documents pertaining to Knorr's "knowledge" of matters relating to any potential defects or problems with products for Amtrak Acela trains (as specified in request numbers 7, 8, 10 and 12, and not limited in any respect) and (iii) all technical service manuals, bulletins, and advisories for the Acela trains related to the brakes only (as specified in request numbers 2, 5 and 6). We understand your priority requests to depend on the documents in each category being readily segregable, and capable of being "distilled," from the universe of documents responsive to the subpoena.

   We believe that the basic contract documents and the service-related manuals should be segregable from the universe of responsive documents, and we intend to provide you by next Wednesday or Thursday, June 8 or 9, with a date by which Knorr will be able to produce copies of those documents. At about that time, we may also raise any questions or concerns that we may have as to the need for a protective order applicable to Knorr's production. As soon as we are able to gain a better understanding of the volume of the other documents requested in the subpoena, including the documents covered by your priority request (ii) above, and the efforts required to process all remaining documents, we will provide you with an estimated time-frame for further production.

| BOSTON | JACKSONVILLE | NEW YORK | SAN DIEGO/DEL MAR | TAMPA | |
| BRUSSELS | LOS ANGELES | ORLANDO | SAN FRANCISCO | TOKYO | |
| CHICAGO | MADISON | SACRAMENTO | SILICON VALLEY | WASHINGTON, D.C. | 002.1405813.1 |
| DETROIT | MILWAUKEE | SAN DIEGO | TALLAHASSEE | WEST PALM BEACH | |



Colin C. Carriere, Esq.
June 2, 2005
Page 2

Finally, now that Knorr has retained Foley & Lardner LLP as its legal counsel to represent it in this matter, we wish to confirm the understanding reached in our meeting today that all communications between Amtrak and/or Amtrak's OIG and Knorr employees relating to the subject matter of the subpoena will be through counsel.

Please do not hesitate to contact me if you have any questions.

Sincerely,

John G. DeGooyer

cc:    David Sadoff, Esq.

# Exhibit 2

 **FOLEY**

**FOLEY & LARDNER LLP**
**ATTORNEYS AT LAW**

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

July 13, 2005

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

**CONFIDENTIAL – FOIA EXEMPT**

CLIENT/MATTER NUMBER
058113-0101

**VIA HAND DELIVERY**

Collin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

Re:    Amtrak Office of Inspector General Subpoena
       Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation

Dear Mr. Carriere:

Further to our discussions in our June 2, 2005 meeting regarding your May 5, 2005 subpoena to Knorr Brake Corporation ("KBC"), please find enclosed additional documents on two (2) CDs (Bates Nos. KBC0001293-KBC0028923).

Insofar as your priority requests are concerned, we provided basic contract documents to you on June 14, 2005, which met your first priority, and by this letter, technical service manuals, etc., which are included in your third priority. This leaves your second priority. To meet that priority, we will proceed with our review of other KBC files initially gathered in response to the subject subpoena and will provide you with further documents in due course.

As always, please feel free to call me if you have any questions.

Sincerely,

John G. DeGooyer

Enclosure

Exhibit 3

# ∎FOLEY

**FOLEY & LARDNER LLP**
**ATTORNEYS AT LAW**

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

CLIENT/MATTER NUMBER
058113-0101

July 27, 2005

**CONFIDENTIAL – FOIA EXEMPT**

<u>**VIA HAND DELIVERY**</u>

Collin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

   Re: Amtrak Office of Inspector General Subpoena
     <u>Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation</u>

Dear Mr. Carriere:

   Enclosed please find two (2) replacement CDs (Bates Nos. KBC0001293-KBC0028923) that address the question that Mr. Sadoff raised with me yesterday about the number of folders on the CDs.

   As always, please feel free to call me if you have any questions.

       Sincerely,

       John G. DeGooyer

Enclosures

BOSTON JACKSONVILLE NEW YORK SAN DIEGO/DEL MAR TAMPA
BRUSSELS LOS ANGELES ORLANDO SAN FRANCISCO TOKYO
CHICAGO MADISON SACRAMENTO SILICON VALLEY WASHINGTON, D.C. 002.1436025.1
DETROIT MILWAUKEE SAN DIEGO TALLAHASSEE WEST PALM BEACH

Exhibit 4

## Barnhouse, Linda L.

| | |
|---|---|
| **From:** | Sadoff, David [SadoffD@amtrak.com] |
| **Sent:** | Wednesday, August 10, 2005 10:01 AM |
| **To:** | DeGooyer, John G. |
| **Cc:** | Tatum, James |
| **Subject:** | RE: Amtrak IG Subpoena -- Knorr Documents |
| | |
| **Importance:** | High |

John,

    I do have some questions, and there remain some points to clear up about the discs that were previously produced.  Can we speak today?  What is a good time for you?  ds

    -----Original Message-----
**From:** DeGooyer, John G. [mailto:JDeGooyer@foley.com]
**Sent:** Tuesday, August 09, 2005 6:08 PM
**To:** Sadoff, David
**Subject:** Amtrak IG Subpoena -- Knorr Documents
**Importance:** High


http://mm1.lettermark.net/foleylaw/card/JBOP_2.map

    David --

    The estimated volume of the electronic data at Knorr is approximately 30 GB for the period after August 2004 and approximately 10 GB for the period before.  However, it appears that I may have overestimated the number of employees. Subject to further review and investigation, it looks like that number might be fewer than 10, but the data is also spread among not only their machines but also servers.  In any case, I am told that it will take about two weeks for us to pull this data together.  For that reason, it seems to me that we should address the hard copy documents first.  On that score, I owe you draft ground rules and will get back to you.  If you have any questions at all about this, please give me a call.

    Regards,

    John


http://mm1.lettermark.net/foleylaw/card/JBOP.map


                http://www.lettermark.net/emailhelp.asp?id=Foley+%26+Lardner+LLP

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support

the promotion or marketing of any transaction or matter discussed herein.

Exhibit 5



**FOLEY & LARDNER LLP**
**ATTORNEYS AT LAW**

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

CLIENT/MATTER NUMBER
058113-0101

August 11, 2005

**CONFIDENTIAL – FOIA EXEMPT**

**VIA FACSIMILE**

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

      Re:    Amtrak Office of Inspector General Subpoena
                <u>Number 05-03, Issued May 5, 2005 to Knorr Brake Corporation</u>

Dear Mr. Carriere:

      In discussions during our June 2, 2005 meeting in your office regarding the response of Knorr Brake Corporation ("KBC") to the subject subpoena, and thereafter, you and your staff have asked whether KBC would consider making the original hard copy documents available for your review in our offices, so that your staff could select from the universe of documents only those that you want KBC to produce. This would be in lieu of KBC producing documents in the ordinary course of responding to the subpoena, but without prejudice to your right to demand such production later. Because the subpoena is so broad, the volume of documents that KBC would produce in the ordinary course is quite large. As I understand it, the accommodation you seek from KBC will permit your staff to focus on the documents the Amtrak OIG truly needs in this investigation and will avoid taxing your resources with a large number of documents that the Amtrak OIG may never need.

      We have considered your request and, in an effort to accommodate your wishes and to facilitate and streamline both KBC's production and your review of relevant documents, KBC is agreeable to the procedure you have proposed, subject to the following:

    1.    Foley & Lardner LLP will make the original documents available to Amtrak OIG reviewers in a conference room in one of our office buildings located in Georgetown, Washington, D.C., on Mondays through Thursdays, during the hours of 9:00 AM to 4:30 PM. This schedule may be adjusted from time to time as appropriate.

    2.    Amtrak OIG reviewers will not remove any documents from any files, nor insert any documents into any files. All documents and files removed from boxes will be returned to their original boxes in the same order and condition as existed prior to their removal with the exception of the addition of an appropriate indication on

BOSTON
BRUSSELS
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MILWAUKEE

NEW YORK
ORLANDO
SACRAMENTO
SAN DIEGO

SAN DIEGO/DEL MAR
SAN FRANCISCO
SILICON VALLEY
TALLAHASSEE

TAMPA
TOKYO
WASHINGTON, D.C.
WEST PALM BEACH

002.1417595.1

# ▪FOLEY

Colin C. Carriere, Esq.
August 11, 2005
Page 2

such documents that the documents are to be produced pursuant to this arrangement, as described in paragraph number 5 below.

3. Because the vast bulk of the documents that will be made available to you pursuant to this arrangement has not been reviewed by KBC counsel (to identify sensitive commercial information, privileged information, etc.), the Amtrak OIG reviewers will not take any notes with respect to any such documents, but instead will simply identify for us which documents they have selected for KBC to produce.

4. For the same reasons as noted in paragraph number 3 above, the Amtrak OIG reviewers may not take into the conference room any camera, cell phone, cell phone camera, Blackberry (or other PDA), tape recorder, CD recorder, or any other similar device capable of copying, recording or transmitting any information about the documents being reviewed. We will have a telephone made available in the conference room for use by the Amtrak OIG reviewers if necessary.

5. The Amtrak OIG reviewers will indicate what documents KBC is to produce pursuant to this arrangement by some mutually agreeable method for flagging or identifying those documents. Once flagged, the documents will be returned to their boxes as described in paragraph number 2 above.

6. Foley & Lardner LLP will have observers in the document room at all times. The Amtrak OIG reviewers may not engage in any conversation with our observers or ask them any questions.

7. We will require an appropriate agreement with the Amtrak OIG providing *inter alia* (i) that the Amtrak OIG will not challenge any KBC claim of attorney-client privilege or attorney work product as to any document on the ground of waiver or destruction of the privilege due to the fact that the Amtrak OIG reviewers may have seen the allegedly privileged document, and (ii) that any documents containing KBC sensitive commercial information will have such information redacted prior to being produced to your office. We will, of course, retain the unredacted originals.

8. We understand that the selection of certain documents by the Amtrak OIG reviewers pursuant to the foregoing process is without prejudice to the right of the Amtrak IG to demand production of all documents responsive to the subject subpoena. In that event, KBC's production will proceed under our prior agreement reached on June 2, 2005, and KBC will not produce any such documents until they have been reviewed by Foley & Lardner LLP.

9. We will Bates number the documents that the Amtrak OIG reviewers ask be produced. We will make every effort to have these documents numbered, copied and delivered to you each Monday following the prior week's document review.

**▪FOLEY**

Colin C. Carriere, Esq.
August 11, 2005
Page 3

We estimate that we will be able to make the current universe of hard copy documents available to you in our offices for your preliminary review and assessment by sometime next week. We estimate the volume of these documents at about 325,000 to 465,000 pages. This is in addition to the documents that KBC already produced on June 14, 2005 (basic contract documents) and July 13, 2005 (certain technical manuals). These remaining documents fall generally into the following categories:

1.    Purchasing/Operations (about 5% of the volume).

2.    Quality (about 15% of the volume). This includes test documents and various certifications.

3.    Program (about 80% of the volume). This includes correspondence, sales orders, design history, specifications, and an array of miscellaneous documents.

KBC is also conducting a search for electronic documents including e-mails. In that process, KBC has identified a number of employees likely to have responsive documents. At this time, we estimate that the total volume of such electronic documents is 30 GB for the period after August 2004 and approximately 10 GB for the period before. At this time, we are unable to give you a firm estimate of when we can make the electronic documents available, although preliminary indications are that it will take about two weeks just to pull the data together. In any event, we will get back to you when we have a better understanding of when you will be able to have access to these documents. At Mr. Sadoff's request, which he made earlier this week, we will provide access to the post August 2004 materials first.

Please let me know as soon as possible if this plan is agreeable to the Amtrak OIG so that we may make the necessary arrangements to change our current document review efforts and to make the documents available for your review. As to the agreement provisions noted above preserving KBC's attorney-client privilege and attorney work product claims (to which Mr. Sadoff stated your office would agree as a part of this process), I would appreciate it if you could provide me with language that you have used in the past. This, too, will facilitate the process.

As always, please feel free to call me if you have any questions.

Sincerely,

John G. DeGooyer

Exhibit 6

**Barnhouse, Linda L.**

| | |
|---|---|
| **From:** | Sadoff, David [SadoffD@amtrak.com] |
| **Sent:** | Tuesday, August 23, 2005 6:15 PM |
| **To:** | DeGooyer, John G. |
| **Cc:** | Tatum, James |
| **Subject:** | Inspection of Subpoenaed Knorr documents; response to 8/22 e-mail |

**Importance:**        High

John  --

      With regard to your e-mail dated August 22, 2005, and the incorporated terms of your
letter of August 11, 2005, Amtrak OIG-OIG is in agreement with Paragraphs 1, 2, 4, 5 (only to
the extent it applies to Knorr-produced documents), 6, 8 (except to the extent it references a
June 2, 2005 "agreement"), and 9.

      With regard to the following Paragraphs of your e-mail and letter, Amtrak-OIG states as
follows:

            3.    Amtrak-OIG may take notes of the documents
reviewed.  These notes are for the short-term use of Amtrak-OIG reviewing personnel and will not
be disclosed to third-parties absent subpoena or Congressional request.  In the event such notes
are the subject of subpoena or Congressional request, Amtrak-OIG will timely notify counsel for
Knorr of the subpoena or request.

            7.    In consideration for expedited review by
Amtrak-OIG of the Knorr documents, it agrees that any claim of privilege that would attach to
the documents but for such review can be asserted by Knorr, and that Amtrak-OIG will not cite
its review of the documents as a waiver of such privilege claims.  With regard to planned
redaction by Knorr of "sensitive commercial information" Amtrak-OIG reserves the right to
request (and, if necessary, seek a judicial order) that Knorr provide un-redacted copies of
documents.

      With regard to statements in the e-mail about the "context" of the documents produced,
Amtrak-OIG reserves the right, as described in our August 19 telephone conversation, to be
provided such information about the origins, authorship, distribution, purpose and use of the
documents produced as would be available to Amtrak-OIG  had the documents been made available
for inspection as "kept in the usual course of business" at the Knorr facility immediately prior
its receipt of the subpoena.

      We look forward to beginning the review of the documents on the morning of 8/25.  Let's
talk about "logistics" tomorrow afternoon.

                        David Sadoff

                        James E. Tatum, Jr.

`

# Exhibit 7

**Barnhouse, Linda L.**

| | |
|---|---|
| **From:** | Sadoff, David [SadoffD@amtrak.com] |
| **Sent:** | Wednesday, August 24, 2005 4:41 PM |
| **To:** | DeGooyer, John G. |
| **Subject:** | RE: Tomorrow |

**Importance:**          High

I've called and left this message:  We'll be coming tomorrow, 8/25, at or about 9:00 a.m.  There will be four Amtrak OIG representatives.  One of the four may be 30 minutes late.  See you then.  ds

   -----Original Message-----
**From:** DeGooyer, John G. [mailto:JDeGooyer@foley.com]
**Sent:** Wednesday, August 24, 2005 4:22 PM
**To:** Sadoff, David
**Subject:** Tomorrow
**Importance:** High


Will we be seeing you tomorrow, or not?

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

Exhibit 8

# ∎FOLEY

**FOLEY & LARDNER LLP**
**ATTORNEYS AT LAW**

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

August 30, 2005

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

**CONFIDENTIAL – FOIA EXEMPT**

CLIENT/MATTER NUMBER
058113-0101

<u>Via Hand Delivery and E-Mail</u>

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

> Re:   Amtrak Office of Inspector General Subpoena
>        <u>Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation</u>

Dear Mr. Carriere:

Pursuant to our recent agreement, Knorr Brake Corporation ("KBC") has permitted representatives of your office to review original KBC documents in our law offices and to select which of those documents shall be produced by KBC pursuant to your May 5, 2005 subpoena. The enclosed are copies of documents that your representatives selected from boxes numbered 1, 2, 5, 11, 12, 13, 19, 21, 22, and 23 (Bates Nos. KBC 0029819-KBC 0031964).

The Bates range for each box is as follows:

| Box Number | Beginning Bates Number | Ending Bates Number |
|:---:|:---:|:---:|
| 1 | KBC 0029819 | KBC 0029933 |
| 2 | KBC 0029934 | KBC 0029960 |
| 5 | KBC 0029961 | KBC 0030036 |
| 11 | KBC 0030037 | KBC 0030519 |
| 12 | KBC 0030520 | KBC 0030655 |
| 13 | KBC 0030656 | KBC 0031038 |
| 19 | KBC 0031039 | KBC 0031593 |
| 21 | KBC 0031594 | KBC 0031687 |
| 22 | KBC 0031688 | KBC 0031790 |
| 23 | KBC 0031791 | KBC 0031964 |

# ■FOLEY

Collin C. Carriere, Esq.                                    **CONFIDENTIAL – FOIA EXEMPT**
August 30, 2005
Page 2

Also enclosed for your convenience is a CD containing the same documents in electronic format.

The Bates number gap between the end of the last production (KBC 0028923) and the beginning of this production (KBC 0029819) results from our having prematurely processed certain electronic correspondence (KBC 0029824 – KBC 0029818). As we have not reviewed these documents, we should discuss how to handle this situation under our current agreement. We can make these processed documents available to your representatives for selection of what should be produced, in which event we would document the Bates numbers you selected and those you did not select to explain the gaps in the Bates range. Alternatively, we can make unprocessed copies available to you for selection (and new numbering) and simply document the fact that the entire Bates range from KBC 0029824 – KBC 0029818 will be missing.

KBC requests that this and our prior letters and all materials submitted, which bear the legend "FOIA EXEMPT," be afforded confidential treatment pursuant to 49 C.F.R. § 701.9 and the Freedom of Information Act, 5 U.S.C. § 552. Further, all letters and the materials submitted do not indicate or constitute a waiver of KBC's attorney-client privilege. Finally, we request that all letters and all materials submitted, and all copies thereof, be returned to the undersigned at the conclusion of this investigation.

As always, please feel free to call me if you have any questions.

Sincerely,

John G. DeGooyer

Enclosure

cc: David Sadoff, via e-mail (w/o enclosure)

# Exhibit 9

 **FOLEY**

**FOLEY & LARDNER LLP**
**ATTORNEYS AT LAW**

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

September 6, 2005

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

CLIENT/MATTER NUMBER
058113-0101

**CONFIDENTIAL – FOIA EXEMPT**

<u>**VIA HAND DELIVERY**</u>

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

> Re:  Amtrak Office of Inspector General Subpoena
>       <u>Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation</u>

Dear Mr. Carriere:

Pursuant to our recent agreement, Knorr Brake Corporation ("KBC") has permitted representatives of your office to review original KBC documents in our law offices and to select which of those documents shall be produced by KBC pursuant to your May 5, 2005 subpoena. The enclosed are copies of documents that your representatives selected from boxes numbered 9, 15, 25, 31, 46, 51, 55, 56, and 62 (Bates Nos. KBC 0031965-KBC 0035095).

The Bates range for each box is as follows:

| Box Number | Beginning Bates Number | Ending Bates Number |
|:---:|:---:|:---:|
| 9 | KBC 0031965 | KBC 0032640 |
| 15 | KBC 0032641 | KBC 0032855 |
| 25 | KBC 0032856 | KBC 0033053 |
| 31 | KBC 0033054 | KBC 0033684 |
| 46 | KBC 0033685 | KBC 0033980 |
| 51 | KBC 0033981 | KBC 0034050 |
| 55 | KBC 0034051 | KBC 0034818 |
| 56 | KBC 0034819 | KBC 0035080 |
| 62 | KBC 0035081 | KBC 0035095 |

# ▪FOLEY

Collin C. Carriere, Esq.                          **CONFIDENTIAL – FOIA EXEMPT**
September 6, 2005
Page 2

Also enclosed for your convenience is a CD containing the same documents in electronic format.

KBC requests that this and our prior letters and all materials submitted, which bear the legend "FOIA EXEMPT," be afforded confidential treatment pursuant to 49 C.F.R. § 701.9 and the Freedom of Information Act, 5 U.S.C. § 552. Further, all letters and the materials submitted do not indicate or constitute a waiver of KBC's attorney-client privilege. Finally, we request that all letters and all materials submitted, and all copies thereof, be returned to the undersigned at the conclusion of this investigation.

As always, please feel free to call me if you have any questions.

Sincerely,

John G. DeGooyer

Enclosure

cc: David Sadoff, via e-mail (w/o enclosure)

# Exhibit 10



FOLEY & LARDNER LLP
ATTORNEYS AT LAW

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C.  20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

September 8, 2005

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

**CONFIDENTIAL – FOIA EXEMPT**

CLIENT/MATTER NUMBER
058113-0101

<u>Via Hand Delivery</u>

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C.  20002

Re:    Amtrak Office of Inspector General Subpoena
       <u>Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation</u>

Dear Mr. Carriere:

Pursuant to our recent agreement, Knorr Brake Corporation ("KBC") has permitted representatives of your office to review original KBC documents in our law offices and to select which of those documents shall be produced by KBC pursuant to your May 5, 2005 subpoena. The enclosed are copies of documents that your representatives selected from boxes numbered 24, 27, 10, 34, 36, 40, 41, 47, 58, and 60 (Bates Nos. KBC 0035096-KBC 0038780).

The Bates range for each box is as follows:

| Box Number | Beginning Bates Number | Ending Bates Number |
|---|---|---|
| 24 | KBC 0035096 | KBC 0035522 |
| 27 | KBC 0035523 | KBC 0036164 |
| 10 | KBC 0036165 | KBC 0036669 |
| 34 | KBC 0036670 | KBC 0036755 |
| 36 | KBC 0036756 | KBC 0036795 |
| 40 | KBC 0036796 | KBC 0036884 |
| 41 | KBC 0036885 | KBC 0036911 |
| 47 | KBC 0036912 | KBC 0038191 |
| 58 | KBC 0038192 | KBC 0038310 |
| 60 | KBC 0038311 | KBC 0038780 |

# ▪FOLEY

Collin C. Carriere, Esq.                                    **CONFIDENTIAL – FOIA EXEMPT**
September 8, 2005
Page 2

Also enclosed for your convenience is a CD containing the same documents in electronic format.

KBC requests that this and our prior letters and all materials submitted, which bear the legend "FOIA EXEMPT," be afforded confidential treatment pursuant to 49 C.F.R. § 701.9 and the Freedom of Information Act, 5 U.S.C. § 552. Further, all letters and the materials submitted do not indicate or constitute a waiver of KBC's attorney-client privilege. Finally, we request that all letters and all materials submitted, and all copies thereof, be returned to the undersigned at the conclusion of this investigation.

As always, please feel free to call me if you have any questions.

Sincerely,

John G. DeGooyer

Enclosure

cc: David Sadoff, via e-mail (w/o enclosure)

002.1459285.1

Exhibit 11



FOLEY & LARDNER LLP
ATTORNEYS AT LAW

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C.  20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

CLIENT/MATTER NUMBER
058113-0101

September 12, 2005

**CONFIDENTIAL – FOIA EXEMPT**

<u>**Via Hand Delivery**</u>

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C.  20002

      Re:    Amtrak Office of Inspector General Subpoena
             <u>Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation</u>

Dear Mr. Carriere:

    We expect that your staff's review of the Knorr Brake Corporation ("KBC") hard copy documents will be completed by next Wednesday, with KBC's production of the documents selected by your staff completed within a few days thereafter.  This means that we will now turn to the KBC's so-called "electronic" documents.

    As I have discussed with Mr. Sadoff over the past several weeks, the identification of KBC's electronic documents and the collection thereof has take a considerable amount of time. In subsequent discussions with Messrs. Sadoff and Tatum, we and your staff had been considering a production process for the electronic documents similar to the process we employed in the production of the KBC hard copy documents.  (*See* in that regard my earlier letters accompanying KBC's document productions that describe the agreed upon process.)

    We have gathered what we believe to be the universe of such electronic documents, totaling slightly more than 18 GB of data.  However, pending the parties' agreement on the method of production, we have not reviewed any of these electronic documents for responsiveness, privilege, proprietary information, etc.

    I now understand from my discussion with Messrs. Sadoff and Tatum earlier this afternoon that Amtrak OIG may not wish to proceed on the basis employed with the hard copy documents.  If that becomes the final decision of Amtrak OIG, I request that you promptly inform me so that we may commence our document review for the above, and to process these documents with Bates numbers and other protective legends prior to production.

# ∎FOLEY

Collin C. Carriere, Esq.                    **CONFIDENTIAL – FOIA EXEMPT**
September 12, 2005
Page 2

To assist your staff in this regard, I am listing below the file descriptions of the electronic documents and the size of those files in order that you may, if you wish, prioritize our review and rolling production of these files:

| FILE NAME | FILE SIZE |
|---|---|
| Allen | 49.6 MB |
| Bachman | 71.0 MB |
| Bowie | 2.97 GB |
| Charms | 475.0 MB |
| DeStefano | 5.15 GB |
| Jeffas | 300.0 MB |
| KBC E-Mail Network | 3.52 GB |
| Long | 600.0 MB |
| McLain | 74.9 MB |
| Ronayne | 513.0 MB |
| St. Onge | 482.0 MB |
| Tully | 157.0 MB |
| Turner | 77.7 MB |
| Van Rensselaer | 520.0 MB |
| Welly | 2.74 GB |
| Welsh | 113.0 MB |
| Wetzel | 204.0 MB |
| **TOTAL** | **18.0172 GB** |

For our part, I have agreed to estimate how much time we will need to complete our review of these files prior to producing them. Our goal is to complete this process in an orderly, proper, and expeditious manner, and expect that we will achieve that outcome.

As always, please feel free to call me if you have any questions.

Sincerely,

John G. DeGooyer

cc: David Sadoff and James Tatum, via e-mail

# Exhibit 12

# ∎FOLEY

**FOLEY & LARDNER LLP**
**ATTORNEYS AT LAW**

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

September 15, 2005

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

**CONFIDENTIAL – FOIA EXEMPT**

CLIENT/MATTER NUMBER
058113-0101

<u>**VIA HAND DELIVERY**</u>

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

Re:  Amtrak Office of Inspector General Subpoena
     <u>Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation</u>

Dear Mr. Carriere:

Pursuant to our recent agreement, Knorr Brake Corporation ("KBC") has permitted representatives of your office to review original KBC documents in our law offices and to select which of those documents shall be produced by KBC pursuant to your May 5, 2005 subpoena. The enclosed are copies of documents that your representatives selected from boxes numbered 26, 29, 32, 33, 38, 39, 42, 44, 48, 49, and 59 (Bates Nos. KBC 0038781-KBC 0040631).

The Bates range for each box is as follows:

| Box Number | Beginning Bates Number | Ending Bates Number |
|:---:|:---:|:---:|
| 26 | KBC 0038781 | KBC 0038850 |
| 29 | KBC 0038851 | KBC 0039056 |
| 32 | KBC 0039057 | KBC 0039104 |
| 33 | KBC 0039105 | KBC 0039111 |
| 38 | KBC 0039112 | KBC 0039115 |
| 39 | KBC 0039116 | KBC 0039261 |
| 42 | KBC 0039262 | KBC 0039266 |
| 44 | KBC 0039267 | KBC 0039574 |

# ▪FOLEY

Collin C. Carriere, Esq.                                **CONFIDENTIAL – FOIA EXEMPT**
September 15, 2005
Page 2

| 48 | KBC 0039575 | KBC 0040408 |
|----|-------------|-------------|
| 49 | KBC 0040409 | KBC 0040527 |
| 59 | KBC 0040528 | KBC 0040631 |

Also enclosed for your convenience is a CD containing the same documents in electronic format.

KBC requests that this and our prior letters and all materials submitted, which bear the legend "FOIA EXEMPT," be afforded confidential treatment pursuant to 49 C.F.R. § 701.9 and the Freedom of Information Act, 5 U.S.C. § 552. Further, all letters and the materials submitted do not indicate or constitute a waiver of KBC's attorney-client privilege. Finally, we request that all letters and all materials submitted, and all copies thereof, be returned to the undersigned at the conclusion of this investigation.

As always, please feel free to call me if you have any questions.

Sincerely,

*[signature]*

John G. DeGooyer

cc: David Sadoff via e-mail

# Exhibit 13

 **FOLEY**

**FOLEY & LARDNER LLP**
**ATTORNEYS AT LAW**

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

September 19, 2005

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

**CONFIDENTIAL – FOIA EXEMPT**

CLIENT/MATTER NUMBER
058113-0101

**VIA HAND DELIVERY**

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

      Re:    Amtrak Office of Inspector General Subpoena
             Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation

Dear Mr. Carriere:

    Pursuant to our recent agreement, Knorr Brake Corporation ("KBC") has permitted representatives of your office to review original KBC documents in our law offices and to select which of those documents shall be produced by KBC pursuant to your May 5, 2005 subpoena. The enclosed are copies of documents that your representatives selected from boxes numbered 28, 35, 66, 69 and 72 (Bates Nos. KBC 0040632-KBC 0042187).

    The Bates range for each box is as follows:

| Box Number | Beginning Bates Number | Ending Bates Number |
|:----------:|:----------------------:|:-------------------:|
| 28 | 0040632 | 0041282 |
| 35 | 0041283 | 0041323 |
| 66 | 0041324 | 0041622 |
| 69 | 0041623 | 0041750 |
| 72 | 0041751 | 0042187 |

    Also enclosed for your convenience is a CD containing the same documents in electronic format.

BOSTON
BRUSSELS
CHICAGO
DETROIT
WASH_1465326.1

JACKSONVILLE
LOS ANGELES
MADISON
MILWAUKEE

NEW YORK
ORLANDO
SACRAMENTO
SAN DIEGO

SAN DIEGO/DEL MAR
SAN FRANCISCO
SILICON VALLEY
TALLAHASSEE

TAMPA
TOKYO
WASHINGTON, D.C.
WEST PALM BEACH

**∎FOLEY**

Collin C. Carriere, Esq.                    **CONFIDENTIAL – FOIA EXEMPT**
September 19, 2005
Page 2

     KBC requests that this and our prior letters and all materials submitted, which bear the legend "FOIA EXEMPT," be afforded confidential treatment pursuant to 49 C.F.R. § 701.9 and the Freedom of Information Act, 5 U.S.C. § 552.  Further, all letters and the materials submitted do not indicate or constitute a waiver of KBC's attorney-client privilege.  Finally, we request that all letters and all materials submitted, and all copies thereof, be returned to the undersigned at the conclusion of this investigation.

     Please note that I have also enclosed a replacement CD for the one I provided to you on August 30, 2005, because the label for that CD did not bear the words "FOIA EXEMPT," although the documents contained therein are so marked.  Please either return that CD to me or confirm that it has been destroyed.

     As always, please feel free to call me if you have any questions.

                  Sincerely,

                  John G. DeGooyer

cc: David Sadoff via e-mail

Exhibit 14



**FOLEY & LARDNER LLP**
**ATTORNEYS AT LAW**

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C.  20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

September 22, 2005

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

**CONFIDENTIAL – FOIA EXEMPT**

CLIENT/MATTER NUMBER
058113-0101

**VIA U.S. MAIL AND E-MAIL (ccarrier@amtrak.com)**


Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C.  20002

> Re:    Amtrak Office of Inspector General Subpoena
>        Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation

Dear Mr. Carriere:

In my letter of September 12, 2005, I expressed our expectation that your staff's review of the Knorr Brake Corporation ("KBC") hard copy documents under our arrangement for such review would be completed by Wednesday, September 14, 2005.  I learned yesterday, however, that four boxes have not yet been reviewed.  In discussions yesterday afternoon with Mr. Tatum of your office, I requested that your staff promptly complete your review of these four boxes so that we may produce whatever documents from those boxes that your staff deems necessary for your investigation, and put the hard copy document production behind us.  Please let me know when your staff will be able to complete this review so that I can make appropriate arrangements.

Regarding KBC's electronic documents, I asked in my September 12 letter that you confirm your office's apparent unwillingness to proceed under the agreement we had reached regarding your review of KBC's hard copy documents and KBC's production thereof.  Although you have not responded to my letter, it now appears from my discussions with Messrs. Sadoff and Tatum (the latter as recently as yesterday) that your decision not to proceed on that previous basis is final.  Accordingly, we will proceed with our review and processing of the electronic documents for production.  While our goal is to complete this effort as expeditiously as possible, I am advised that the document review could take some time, as it will be necessary to examine all attachments to the .pst files in order to determine whether any of those attachments are protected by KBC's attorney-client privilege, by the attorney work product doctrine, or by other privileges.

In my September 12 letter, I identified the document custodians of the electronic documents and provided information about the size of each folder to assist your staff in

BOSTON          JACKSONVILLE     NEW YORK        SAN DIEGO/DEL MAR    TAMPA
BRUSSELS        LOS ANGELES      ORLANDO         SAN FRANCISCO        TOKYO
CHICAGO         MADISON          SACRAMENTO      SILICON VALLEY       WASHINGTON, D.C.
DETROIT         MILWAUKEE        SAN DIEGO       TALLAHASSEE          WEST PALM BEACH

WASH_1467194.1

**FOLEY**

Collin C. Carriere, Esq.                                    **CONFIDENTIAL – FOIA EXEMPT**
September 22, 2005
Page 2

determining whether, and if so how, to prioritize KBC's document review and production. In
that regard, Mr. Tatum requested yesterday that we provide additional information about these
custodians. The following chart identifies the KBC department for each of these individuals,
which I hope will assist your staff in making decisions about prioritizing our efforts.

| FILE NAME | KBC DEPARTMENT |
|---|---|
| Allen | Purchasing |
| Bachman | Programs |
| Bowie | Engineering |
| Charms | Programs |
| DeStefano | Programs |
| Jeffas | Quality |
| KBC E-Mail Network | IT |
| Long | Engineering |
| McLain | Engineering |
| Ronayne | Purchasing |
| St. Onge | Quality |
| Tully | Engineering |
| Turner | Engineering |
| Van Rensselaer | Engineering |
| Welly | Engineering |
| Welsh | Operations |
| Wetzel | Operations |

Finally, in response to Mr. Tatum's other requests of yesterday, this will confirm (i) that,
after our review and processing, the produced documents will be provided on DVDs; and (ii) that
the attachments to e-mails will appear immediately following the e-mails to which they are
attached, with the possible exception of video files, which may be on a separate DVD.

As always, please feel free to call me if you have any questions.

Sincerely,

John G. DeGooyer

cc: David Sadoff and James Tatum, via e-mail

# Exhibit 15

NATIONAL RAILROAD PASSENGER CORPORATION

Inspector General, Investigations, 10 G Street, NE, Suite 3E-400, Washington, DC 20002



September 23, 2005

<u>By Facsimile and Mail</u>
John G. DeGooyer, Esq.
Foley & Lardner, LLP
3000 K. Street, N.W.
Suite 500
Washington, DC  20007-5143

Re:    Knorr Brake Corp. Compliance with
<u>Amtrak Inspector General Subpoena 05-03</u>

Dear Mr. DeGooyer:

This letter is in response to your September 12, 2005 letter, September 22, 2005 letter and intervening telephone conversations.

With regard to the Office of Inspector General's ("OIG") review of the remaining four boxes of documents as referenced in your September 22, 2005 letter, George Binns will be present at your offices on September 26, 2005 beginning at 9:30 am to complete his review of those documents.  As you recall, I left you a voice mail message to this effect on September 22, 2005.

As you further noted, the OIG has decided not to proceed under the previous agreement involving Knorr Brake Corporation's ("Knorr") production of hard copy documents as it related to Knorr's production of "electronic" documents.  Rather, the OIG will expect production of these latter documents by production to the OIG on diskettes.

The OIG is prepared to assist Knorr's document review and production by prioritizing the file names.  Unfortunately, the information supplied to the OIG to date does not provide sufficient detail for this office to determine the importance of the individuals involved.  Specifically, Knorr, through counsel, has provided a file name that includes only a last name and, more recently, a department.  The information does not provide a first name or title within said department or their significance to the matters that the OIG is investigating.  With more information, the OIG might begin to assess the potential significance of each individual.  Absent more detailed information, however, the OIG will be unable to provide the assistance that Knorr has requested.

We assume that Knorr is in a position to know which individuals were most knowledgeable with, and involved in, the issues identified in the subpoena which the OIG issued to Knorr.  In particular, the OIG is most interested in persons who have knowledge

2

concerning who knew of deficiencies or breaks in the Acela brakes. Thus, the OIG expects that Knorr and its counsel, having developed a familiarity with the individuals listed by file name, to use said familiarity to prioritize and produce those "electronic" documents most likely relevant to the issues at hand and as prioritized in the preceding sentence.

The OIG has attempted to work through certain issues with Knorr with respect to compliance with the subpoena. Critically, we are seeking to resolve this issue in a manner that has Knorr providing to the OIG all responsive "electronic" records or asserting privilege with respect to any withheld records. Along those lines, once Knorr has met its obligations under the above-referenced subpoena, the OIG will request that Knorr execute the Certificate of Compliance attached to the subpoena.

Sincerely,

James E. Tatum, Jr.
Associate Legal Counsel
Amtrak OIG
(202) 906-4151

Exhibit 16

# ■FOLEY

**FOLEY & LARDNER LLP**
**ATTORNEYS AT LAW**

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C.  20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

September 29, 2005

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

**CONFIDENTIAL – FOIA EXEMPT**

CLIENT/MATTER NUMBER
058113-0101

<u>**V**IA **H**AND **D**ELIVERY</u>

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C.  20002

   Re: Amtrak Office of Inspector General Subpoena
     <u>Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation</u>

Dear Mr. Carriere:

  Pursuant to our recent agreement, Knorr Brake Corporation ("KBC") has permitted representatives of your office to review original KBC documents in our law offices and to select which of those documents shall be produced by KBC pursuant to your May 5, 2005 subpoena. The enclosed are copies of documents that your representatives selected from boxes numbered 17 and 20 (Bates Nos. KBC 0042188 – KBC 0042403).

  The Bates range for each box is as follows:

| Box Number | Beginning Bates Number | Ending Bates Number |
|:---:|:---:|:---:|
| 17 | KBC 0042188 | KBC 0042241 |
| 20 | KBC 0042252 | KBC 0042403 |

  Also enclosed for your convenience is a CD containing the same documents in electronic format.

  KBC requests that this and our prior letters and all materials submitted, which bear the legend "FOIA EXEMPT," be afforded confidential treatment pursuant to 49 C.F.R. § 701.9 and the Freedom of Information Act, 5 U.S.C. § 552.  Further, all letters and the materials submitted do not indicate or constitute a waiver of KBC's attorney-client privilege.  Finally, we request that all letters and all materials submitted, and all copies thereof, be returned to the undersigned at the conclusion of this investigation.

| | | | | |
|---|---|---|---|---|
| BOSTON | JACKSONVILLE | NEW YORK | SAN DIEGO/DEL MAR | TAMPA |
| BRUSSELS | LOS ANGELES | ORLANDO | SAN FRANCISCO | TOKYO |
| CHICAGO | MADISON | SACRAMENTO | SILICON VALLEY | WASHINGTON, D.C. |
| DETROIT | MILWAUKEE | SAN DIEGO | TALLAHASSEE | WEST PALM BEACH |

WASH_1470944.1

**:FOLEY**

Collin C. Carriere, Esq.                              **CONFIDENTIAL – FOIA EXEMPT**
September 29, 2005
Page 2

As always, please feel free to call me if you have any questions.

Sincerely,

John G. DeGooyer

cc: David Sadoff via e-mail

WASH_1470944.1

# Exhibit 17

**Barnhouse, Linda L.**

| | |
|---|---|
| **From:** | Tatum, James [TatumJ@amtrak.com] |
| **Sent:** | Wednesday, November 09, 2005 12:27 PM |
| **To:** | DeGooyer, John |
| **Subject:** | RE: Knorr Documents -- Status Report |

John,

Thanks for getting back to me.  If possible, I would like to start a "rolling" production rather than wait for all of the documents to be ready and doing an en masse production.  Is this possible?

Jim Tatum, Jr.
(202) 906-4151

P.S. --  I hope that you feel better soon and, at least, enjoyed your son's wedding in CA.

> -----Original Message-----
> **From:** DeGooyer, John [mailto:JDeGooyer@foley.com]
> **Sent:** Wednesday, November 09, 2005 12:11 PM
> **To:** tatumj@amtrak.com
> **Subject:** Knorr Documents -- Status Report
>
>
> Jim --
>
> Sorry I've been unavailable to get back to you until now.  I've been out since my son's wedding, and got back into the area only very early in the AM yesterday, sporting a nasty cold that has me down for the count even still.  In any event, we continue to have some problems with the electronic documents (which total about 550,000 pages).  The "glitch" I reported to you earlier turned out to be bigger than I thought.  First, all of the electronic docs were incorrectly Bates numbered (thousands of the pages bear duplicate numbers of the hard copy production) and are now being renumbered.  Second, we have a considerable number of documents (about 20% of the volume), which stretch across a number of custodians, that need to be reviewed before production.  I hope to have this well enough in hand by this Friday or early next week to give you a more definitive idea of where we stand on getting this production completed.

Best regards,

John

PS.  FYI, we are switching our telephone system in DC to a Cisco Unity system (whatever that is).  I am told that mine was installed on Friday in my absence.  I have not yet set mine up (and don't know how to do it from home), so I have no idea what trouble this may be causing folks that may be trying to reach me.  We're supposed to be able to retrieve voice mails via Outlook, even if I'm accessing remotely as I am right now.  So far, I've received notification of four calls under the new system.  Very high tech.  However, there is one flaw:  The messages "play" just fine; the problem is that they make no sound.  MKE can't figure it out.  So much for high tech.  J.


JOHN G. DEGOOYER
FOLEY & LARDNER LLP
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C.  20007-5109
TEL   202.295.4047
FAX   202.672.5399
CELL  703.728-6869

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# Exhibit 18

**Barnhouse, Linda L.**

| | |
|---|---|
| **From:** | Tatum, James [TatumJ@amtrak.com] |
| **Sent:** | Monday, November 14, 2005 12:40 PM |
| **To:** | DeGooyer, John |
| **Subject:** | RE: Knorr -- Electronic Production |

Thank you.

-----Original Message-----
**From:** DeGooyer, John [mailto:JDeGooyer@foley.com]
**Sent:** Monday, November 14, 2005 12:36 PM
**To:** tatumj@amtrak.com
**Subject:** Knorr -- Electronic Production
**Importance:** High

Jim --

Rolling production underway.  You will have the first installment no later than tomorrow.

Regards, John

JOHN G. DEGOOYER
FOLEY & LARDNER LLP
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C.  20007-5109
TEL   202.295.4047
FAX   202.672.5399
CELL  703.728-6869

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

Exhibit 19

# ∎FOLEY

**FOLEY & LARDNER LLP**
**ATTORNEYS AT LAW**
WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

CLIENT/MATTER NUMBER
058113-0101

November 15, 2005

**CONFIDENTIAL – FOIA EXEMPT**

<u>**Via Hand Delivery**</u>

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

> Re:    Amtrak Office of Inspector General Subpoena
> <u>Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation</u>

Dear Mr. Carriere:

Enclosed is a DVD labeled "Knorr Brake Corporation Response to Amtrak IG Subpoena No. 05-03 – Electronic Documents, Vol. 001 – FOIA EXEMPT" containing the first installment of electronic documents of Knorr Brake Corporation ("KBC") responsive to your May 5, 2005 subpoena. This DVD contains the following: (i) Concordance database, (ii) Opticon image table, and (iii) images. We will continue with the rolling production of additional electronic documents as they are ready for production.

KBC requests that this DVD, the information contained therein, and our prior letters and all materials submitted, which bear the legend "FOIA EXEMPT," be afforded confidential treatment pursuant to 49 C.F.R. § 701.9 and the Freedom of Information Act, 5 U.S.C. § 552. Further, all letters and the materials submitted do not indicate or constitute a waiver of KBC's attorney-client privilege. Finally, we request that all letters and all materials submitted, and all copies thereof, be returned to the undersigned at the conclusion of this investigation.

As always, please feel free to call me if you have any questions.

Sincerely,

*John S. DeGooyer*

John G. DeGooyer

cc: David Sadoff via e-mail

BOSTON          JACKSONVILLE      NEW YORK        SAN DIEGO/DEL MAR     TAMPA
BRUSSELS        LOS ANGELES       ORLANDO         SAN FRANCISCO         TOKYO
CHICAGO         MADISON           SACRAMENTO      SILICON VALLEY        WASHINGTON, D.C.
DETROIT         MILWAUKEE         SAN DIEGO       TALLAHASSEE           WEST PALM BEACH

# Exhibit 20

**Barnhouse, Linda L.**

| | |
|---|---|
| **From:** | Tatum, James [TatumJ@amtrak.com] |
| **Sent:** | Monday, November 28, 2005 7:45 AM |
| **To:** | DeGooyer, John |
| **Subject:** | RE: Knorr -- Electronic Documents |

John,

Thanks for the information. I trust that you and your family had a safe and enjoyable Thanksgiving holiday. As a follow-up, do you know when we can expect the next set of e-mails? Thanks, again.

Jim Tatum, Jr.

-----Original Message-----
**From:** DeGooyer, John [mailto:JDeGooyer@foley.com]
**Sent:** Sunday, November 27, 2005 8:09 AM
**To:** Tatum, James
**Subject:** Knorr -- Electronic Documents


Jim -- This responds to your questions about the first production of electronic documents. As explained in my cover letter to Mr. Carrier, the DVD enclosed therewith contains (i) a Concordance database, (ii) an Opticon image table, and (iii) images. With the Concordance software, which Amtrak has, you may search the database, view images of the documents, and print images of the documents.

John


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

Exhibit 21

NATIONAL RAILROAD PASSENGER CORPORATION
Inspector General, Investigations, 10 G Street, NE, Suite 3E-400, Washington, DC 20002



January 12, 2006

<u>By Facsimile and Mail</u>
John G. DeGooyer, Esq.
Foley & Lardner, LLP
3000 K. Street, N.W.
Suite 500
Washington, DC  20007-5143

        Re:  Knorr Brake Corp. Compliance with
           <u>Amtrak Inspector General Subpoena 05-03</u>

Dear Mr. DeGooyer:

    On November 15, 2005, Amtrak's Office of Inspector General (OIG"), Office of Investigations ("OI") received a DVD labeled "Knorr Brake Corporation Response to Amtrak IG Subpoena No. 05-03 – Electronic Documents, Vol. 001 – FOIA EXEMPT" that purportedly contained the first installment of electronic documents of Knorr Brake Corporation ("Knorr").  Subsequently, on November 28, 2005, in response to my e-mail inquiry as to when the OIG would receive the second installment, you wrote that you would check on the status of the next production and contact me.

    Since that date, I have repeatedly left messages that have, to date, gone unreturned.  Critically, we are seeking to resolve this issue in a manner that has Knorr providing to the OIG all responsive electronic records or asserting privilege with respect to any withheld records.  To that end, the OIG is demanding that Knorr produce all remaining electronic documents by January 31, 2005.  The OIG contends that, given the fact the subpoena request was issued more than eight months ago, this deadline is appropriate and reasonable.

    Once Knorr has met its obligations under the above-referenced subpoena, the OIG requests that Knorr execute the Certificate of Compliance attached to the subpoena.

       Sincerely,

       James E. Tatum, Jr.
       Associate Legal Counsel
       Amtrak OIG
       (202) 906-4151