Exhibit 22

**Barnhouse, Linda L.**

| | |
|---|---|
| **From:** | Tatum, James [TatumJ@amtrak.com] |
| **Sent:** | Wednesday, January 18, 2006 7:27 AM |
| **To:** | DeGooyer, John G. |
| **Subject:** | RE: Knorr Brake Corporation |

John,

I did not know that your illness incapacitated you for such an extended period of time and I hope that you are feeling better.  I did, in fact, leave you repeated voice-mails as I did not recall that you law firm's voice-mail ills continued at length.  From now on I will endeavor to communicate with you through e-mails.  I will speak to David Sadoff to see if there is a list of search terms that we can provide you in an effort to expedite the process and bring this phase to a quick resolution.  Again, I hope that you have recovered from you illness.

Sincerely,

Jim

> -----Original Message-----
> **From:** DeGooyer, John G. [mailto:JDeGooyer@foley.com]
> **Sent:** Tuesday, January 17, 2006 10:36 AM
> **To:** tatumj@amtrak.com
> **Subject:** Knorr Brake Corporation
> **Importance:** High
>
>
>
> Jim -- I have the fax you sent to me last week.  Regarding the first paragraph of your letter, after I told you at the end of November that I would inquire about additional production and get back to you, I was out of the office for an extended period due to illness, which then flowed into the Christmas/New Years Holiday season recently ended.  This is my first day back in the office for a very long time.  As for your second paragraph, if the messages you "repeatedly left" to which you refer were voice mails, I can report that we still do not yet have a fully reliable/functional Cisco system in place (which, you will recall, is the reason we exchanged e-mails in late November).  Certainly, last week's fax is the first written correspondence from you since late November 2005.  As for the substance of your letter, we will be working to cull non-responsive and privileged documents from the electronic data base.  Given the size of that data base, however, this is a chore.  In that regard, it occurs to me that Amtrak may have a list of key search terms that we could use to identify responsive documents more quickly.  If so, I would appreciate it if you would please let me have that list.  This should help move things along.  Let me know.  Many thanks.
>
> Regards,
>
> John

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support

the promotion or marketing of any transaction or matter discussed herein.

# Exhibit 23

**Barnhouse, Linda L.**

| | |
|---|---|
| **From:** | Tatum, James [TatumJ@amtrak.com] |
| **Sent:** | Monday, January 23, 2006 8:23 AM |
| **To:** | DeGooyer, John G. |
| **Subject:** | RE: Knorr Brake Corporation |

John,

Good morning. I spoke to David Sadoff last week and he provided me with potential search terms to help focus your search. These terms include word(s) or parts thereof, part numbers for discs, and serial numbers for cracked discs.

A.  Search terms: condition OR risk 0R defect! (to include defect, defected, defective) OR deficien! OR malfunction! OR crack! OR fractur! OR tear! OR rip! OR resonan! OR fatigue OR strain OR vibration OR disc* OR disk* OR spoke*

B.  Part No. for discs: 39566/2000 OR 39566/2030 OR *42120088S* OR *42120089S* OR WS700S*

C.  Serial No. for cracked discs: 040305 OR 090033 OR 209902 OR 279912 OR 309913 OR 309914 OR 310008 OR 339922 OR 339939 OR 339940 OR 339958 OR 3399914 OR 499905 OR 509902 OR 509904 OR 587410 OR 587640 OR 638411 OR 693332.

Let me know what you think.

Jim Tatum, Jr.

> -----Original Message-----
> **From:** DeGooyer, John G. [mailto:JDeGooyer@foley.com]
> **Sent:** Tuesday, January 17, 2006 10:36 AM
> **To:** tatumj@amtrak.com
> **Subject:** Knorr Brake Corporation
> **Importance:** High

Jim -- I have the fax you sent to me last week. Regarding the first paragraph of your letter, after I told you at the end of November that I would inquire about additional production and get back to you, I was out of the office for an extended period due to illness, which then flowed into the Christmas/New Years Holiday season recently ended. This is my first day back in the office for a very long time. As for your second paragraph, if the messages you "repeatedly left" to which you refer were voice mails, I can report that we still do not yet have a fully reliable/functional Cisco system in place (which, you will recall, is the reason we exchanged e-mails in late November). Certainly, last week's fax is the first written correspondence from you since late November 2005. As for the substance of your letter, we will be working to cull non-responsive and privileged documents from the electronic data base. Given the size of that data base, however, this is a chore. In that regard, it occurs to me that Amtrak may have a list of key search terms that we could use to identify responsive documents more quickly. If so, I would appreciate it if you would please let me have that list. This should help move things along. Let me know. Many thanks.

Regards,

John

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# Exhibit 24

**Barnhouse, Linda L.**

| | |
|---|---|
| **From:** | Tatum, James [TatumJ@amtrak.com] |
| **Sent:** | Monday, February 06, 2006 7:20 AM |
| **To:** | DeGooyer, John G. |
| **Subject:** | RE: Knorr Brake Corporation |

John,

Thanks for the update.  Let me talk to David Sadoff and get back to you.

Jim

-----Original Message-----
From: DeGooyer, John G. [mailto:JDeGooyer@foley.com]
Sent: Friday, February 03, 2006 2:12 PM
To: TatumJ@amtrak.com
Subject: Re: Knorr Brake Corporation


Hello, Jim -- The run of your search terms yielded more than 29,000 documents, for a total of
more than 370,000 pages.  This will take us some time to review and process.  Do you have any
thoughts on how this can be cut down.?

John

-----Original Message-----
From: Tatum, James <TatumJ@amtrak.com>
To: DeGooyer, John G. <JDeGooyer@foley.com>
Sent: Wed Feb 01 10:09:47 2006
Subject: RE: Knorr Brake Corporation

John.

Good morning.  I am writing because in my previous correspondence this office had set a January
31,2006 deadline for Knorr to complete is subpoena production with regard to the electronic
discovery.  Well, that deadline has come and gone, and we did not receive any additional
materials.  Can you let me know the status of the production and anticipated completition date.
As you may know, the Acela brake issue has been the subject of Congressional inquiry and our
office is under scrutiny to complete its investigation.  We, obviously, need the Knorr documents
to complete this investigation.

Sincerely,

Jim Tatum, Jr.



The preceding email message may be confidential or protected by the attorney-client privilege.
It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have
received this message in error, please (i) do not read it, (ii) reply to the sender that you
received the message in error, and (iii) erase or destroy the message.  Legal advice contained
in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s)
represented by the Firm in the particular matter that is the subject of this message, and may
not be relied upon by any other
party.


Internal Revenue Service regulations require that certain types of written advice include a
disclaimer.  To the extent the preceding message contains advice relating to a Federal tax issue,
unless expressly stated otherwise the advice is not intended or written to be used, and it
cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax
penalties, and was not written to support the promotion or marketing of any transaction or

matter discussed herein.

Exhibit 25

**Barnhouse, Linda L.**

| | |
|---|---|
| **From:** | Tatum, James [TatumJ@amtrak.com] |
| **Sent:** | Friday, March 10, 2006 11:18 AM |
| **To:** | DeGooyer, John G. |
| **Subject:** | RE: Knorr Brake Corporation |

John,

Please call me at (202) 906-4151 to discuss the current document production status.  Thank you.

Jim Tatum, Jr.

-----Original Message-----
From: DeGooyer, John G. [mailto:JDeGooyer@foley.com]
Sent: Friday, February 03, 2006 2:12 PM
To: TatumJ@amtrak.com
Subject: Re: Knorr Brake Corporation


Hello, Jim -- The run of your search terms yielded more than 29,000 documents, for a total of
more than 370,000 pages.  This will take us some time to review and process.  Do you have any
thoughts on how this can be cut down.?

John

-----Original Message-----
From: Tatum, James <TatumJ@amtrak.com>
To: DeGooyer, John G. <JDeGooyer@foley.com>
Sent: Wed Feb 01 10:09:47 2006
Subject: RE: Knorr Brake Corporation

John.

Good morning.  I am writing because in my previous correspondence this office had set a January
31,2006 deadline for Knorr to complete is subpoena production with regard to the electronic
discovery.  Well, that deadline has come and gone, and we did not receive any additional
materials.  Can you let me know the status of the production and anticipated completition date.
As you may know, the Acela brake issue has been the subject of Congressional inquiry and our
office is under scrutiny to complete its investigation.  We, obviously, need the Knorr documents
to complete this investigation.

Sincerely,

Jim Tatum, Jr.



The preceding email message may be confidential or protected by the attorney-client privilege.
It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have
received this message in error, please (i) do not read it, (ii) reply to the sender that you
received the message in error, and (iii) erase or destroy the message.  Legal advice contained
in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s)
represented by the Firm in the particular matter that is the subject of this message, and may
not be relied upon by any other
party.

Internal Revenue Service regulations require that certain types of written advice include a
disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue,
unless expressly stated otherwise the advice is not intended or written to be used, and it
cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax
penalties, and was not written to support the promotion or marketing of any transaction or

matter discussed herein.

# Exhibit 26

**Barnhouse, Linda L.**

| | |
|---|---|
| **From:** | Tatum, James [TatumJ@amtrak.com] |
| **Sent:** | Tuesday, March 14, 2006 3:16 PM |
| **To:** | DeGooyer, John G. |
| **Subject:** | RE: Knorr Brake Corporation |

Please call me.  We need to meet ASAP to discuss situation and resolution.
Thanks.

Jim Tatum, Jr.

-----Original Message-----
From: DeGooyer, John G. [mailto:JDeGooyer@foley.com]
Sent: Tuesday, March 14, 2006 7:10 AM
To: Tatum, James
Subject: RE: Knorr Brake Corporation


Jim -- I've been out and not checking e-mails.  I'm back, but will be in Leesburg today.  Can I
assume from your message that you have a further refined list of search terms?  Or is that just
wishful thinking?  John

-----Original Message-----
From: Tatum, James [mailto:TatumJ@amtrak.com]
Sent: Friday, March 10, 2006 11:18 AM
To: DeGooyer, John G.
Subject: RE: Knorr Brake Corporation


John,

Please call me at (202) 906-4151 to discuss the current document
production status.  Thank you.

Jim Tatum, Jr.

-----Original Message-----
From: DeGooyer, John G. [mailto:JDeGooyer@foley.com]
Sent: Friday, February 03, 2006 2:12 PM
To: TatumJ@amtrak.com
Subject: Re: Knorr Brake Corporation


Hello, Jim -- The run of your search terms yielded more than 29,000
documents, for a total of more than 370,000 pages.  This will take us
some time to review and process.  Do you have any thoughts on how this
can be cut down.?

John

-----Original Message-----
From: Tatum, James <TatumJ@amtrak.com>
To: DeGooyer, John G. <JDeGooyer@foley.com>
Sent: Wed Feb 01 10:09:47 2006
Subject: RE: Knorr Brake Corporation

John.

Good morning.  I am writing because in my previous correspondence this
office had set a January 31,2006 deadline for Knorr to complete is
subpoena production with regard to the electronic discovery.  Well, that
deadline has come and gone, and we did not receive any additional
materials.  Can you let me know the status of the production and

anticipated complettion date.  As you may know, the Acela brake issue
has been the subject of Congressional inquiry and our office is under
scrutiny to complete its investigation.  We, obviously, need the Knorr
documents to complete this investigation.

Sincerely,

Jim Tatum, Jr.

The preceding email message may be confidential or protected by the
attorney-client privilege. It is not intended for transmission to, or
receipt by, any unauthorized persons.  If you have received this message
in error, please (i) do not read it, (ii) reply to the sender that you
received the message in error, and (iii) erase or destroy the message.
Legal advice contained in the preceding message is solely for the
benefit of the Foley & Lardner LLP client(s) represented by the Firm in
the particular matter that is the subject of this message, and may not
be relied upon by any other
party.


Internal Revenue Service regulations require that certain types of
written advice include a disclaimer. To the extent the preceding message
contains advice relating to a Federal tax issue, unless expressly stated
otherwise the advice is not intended or written to be used, and it
cannot be used by the recipient or any other taxpayer, for the purpose
of avoiding Federal tax penalties, and was not written to support the
promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the
attorney-client privilege. It is not intended for transmission to, or
receipt by, any unauthorized persons.  If you have received this message in
error, please (i) do not read it, (ii) reply to the sender that you received
the message in error, and (iii) erase or destroy the message.  Legal advice
contained in the preceding message is solely for the benefit of the Foley &
Lardner LLP client(s) represented by the Firm in the particular matter that
is the subject of this message, and may not be relied upon by any other
party.


Internal Revenue Service regulations require that certain types of written
advice include a disclaimer. To the extent the preceding message contains
advice relating to a Federal tax issue, unless expressly stated otherwise
the advice is not intended or written to be used, and it cannot be used by
the recipient or any other taxpayer, for the purpose of avoiding Federal tax
penalties, and was not written to support the promotion or marketing of any
transaction or matter discussed herein.

# Exhibit 27

**Barnhouse, Linda L.**

| | |
|---|---|
| **From:** | Tatum, James [TatumJ@amtrak.com] |
| **Sent:** | Wednesday, March 15, 2006 1:21 PM |
| **To:** | DeGooyer, John G. |
| **Subject:** | RE: Knorr Brake Corporation |

John,

To put it simply, the OIG is looking for documents that show whether or not Knorr knew of the disc brake cracks ahead of the public disclosure. If such documents exist, then we want them (or copies of them). If such documents do not exist, then we want certification to that effect. But close to a year has gone by since initial service of the subpoena and all relevant documents have not been turned over and, if they have, then we need a certificate of compliance. I believe that, if this were a grand jury subpoena and not an administrative one, the delay in production would not have extended this long.

I would be happy to meet with you early next week but, regardless of a meeting, this office needs Knorr's production of relevant and responsive documents.

Jim Tatum, Jr.

-----Original Message-----
From: DeGooyer, John G. [mailto:JDeGooyer@foley.com]
Sent: Tuesday, March 14, 2006 5:35 PM
To: Tatum, James
Subject: RE: Knorr Brake Corporation


Jim -- Thanks for your note, but I'm on a conference call now that bleeds into another one that will go rather late due to west coast participants. Tomorrow, I'm in the office all day. If you want to come to the Harbour at a mutually agreeable time, we can do that. Just let me know. But can you give me a hint of what's afoot? I mean, starting late last year (because of the attorney review time presented by the large volume of the electronic documents, and the associated cost to Knorr), we explored limiting the volume of production to those documents truly important to your investigation. To that end, we asked whether you and David could suggest search terms for us, and you eventually provided search terms. As I advised on February 3, however, our run of your search terms hit about 29,000 documents for more than 370,000 pages, which meant that we would need to proceed with a lengthy legal review of those documents. For that reason, I asked whether you wanted to refine your search. In response, you said you would get back to me after talking with David (the purpose of which I assumed was to refine the search so as to reduce the volume of documents). Now, you say you need to meet with me ASAP to discuss the situation and a resolution.
That's fine, of course. Just to be clear, though, if this means that the Amtrak OIG position is now that all of the electronic Knorr documents initially gathered (i.e., with none of the limiting search terms you previously suggested) are to be produced, then this will require a considerable amount of legal review before we can produce them. All of that said, I look forward to hearing from you tomorrow (if that works for you) what exactly you are asking Knorr to do, so that we may respond accordingly.

Regards,

John DeGooyer

-----Original Message-----
From: Tatum, James [mailto:TatumJ@amtrak.com]
Sent: Tuesday, March 14, 2006 3:16 PM
To: DeGooyer, John G.
Subject: RE: Knorr Brake Corporation


Please call me. We need to meet ASAP to discuss situation and resolution. Thanks.

Jim Tatum, Jr.

-----Original Message-----
From: DeGooyer, John G. [mailto:JDeGooyer@foley.com]
Sent: Tuesday, March 14, 2006 7:10 AM
To: Tatum, James
Subject: RE: Knorr Brake Corporation


Jim -- I've been out and not checking e-mails.  I'm back, but will be in
Leesburg today.  Can I assume from your message that you have a further
refined list of search terms?  Or is that just wishful thinking?  John

-----Original Message-----
From: Tatum, James [mailto:TatumJ@amtrak.com]
Sent: Friday, March 10, 2006 11:18 AM
To: DeGooyer, John G.
Subject: RE: Knorr Brake Corporation


John,

Please call me at (202) 906-4151 to discuss the current document
production status.  Thank you.

Jim Tatum, Jr.

-----Original Message-----
From: DeGooyer, John G. [mailto:JDeGooyer@foley.com]
Sent: Friday, February 03, 2006 2:12 PM
To: TatumJ@amtrak.com
Subject: Re: Knorr Brake Corporation


Hello, Jim -- The run of your search terms yielded more than 29,000
documents, for a total of more than 370,000 pages.  This will take us
some time to review and process.  Do you have any thoughts on how this
can be cut down.?

John

-----Original Message-----
From: Tatum, James <TatumJ@amtrak.com>
To: DeGooyer, John G. <JDeGooyer@foley.com>
Sent: Wed Feb 01 10:09:47 2006
Subject: RE: Knorr Brake Corporation

John.

Good morning.  I am writing because in my previous correspondence this
office had set a January 31,2006 deadline for Knorr to complete is
subpoena production with regard to the electronic discovery.  Well, that
deadline has come and gone, and we did not receive any additional
materials.  Can you let me know the status of the production and
anticipated completition date.  As you may know, the Acela brake issue
has been the subject of Congressional inquiry and our office is under
scrutiny to complete its investigation.  We, obviously, need the Knorr
documents to complete this investigation.


Sincerely,

Jim Tatum, Jr.



The preceding email message may be confidential or protected by the

attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.


The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons.  If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message.  Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.


Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

Exhibit 28

NATIONAL RAILROAD PASSENGER CORPORATION
Inspector General, Investigations, 10 G Street, NE, Suite 3E-400, Washington, DC 20002



March 16, 2006

<u>By Facsimile and Mail</u>
John G. DeGooyer, Esq.
Foley & Lardner, LLP
3000 K. Street, N.W.
Suite 500
Washington, DC  20007-5143

　　　　　　　　　　Re:　　Knorr Brake Corp. Compliance with
　　　　　　　　　　　　　　<u>Amtrak Inspector General Subpoena 05-03</u>

Dear Mr. DeGooyer:

　　　　On January 12, 2006, Amtrak's Office of Inspector General (OIG"), Office of Investigations ("OI") sent to you a letter wherein the OIG demanded that Knorr produce all remaining electronic documents by January 31, 2005.  In response, on January 17, 2006, you responded to me by electronic mail that your law firm would be working to "cull non-responsive and privileged documents from the electronic data base." Additionally, you requested that the OIG provide you with "a list of key search terms that we could use to identify responsive documents more quickly."  Thereafter, on January 23, 2006, I sent to you, via electronic mail, a list of search terms.

　　　　On February 1, 2006, after the previously imposed deadline had passed, I sent to you another inquiry, via electronic mail, as to the status of the document production.  You responded by informing me that the search terms had resulted "more than 29,000 documents, for a total of more than 370,000 pages."  You further indicated that, as a result, it would take your firm time to review and process the documents.  Additionally, you inquired whether or not the OIG had "any thoughts on how this can be cut down."

　　　　Subsequently, you and I had a brief telephone conversation wherein I indicated that I would consider whether or not additional terms could be offered to reduce the number of documents to be reviewed.  Nothing, however, in the aforementioned conversation was meant by me to prohibit or delay your firm's review and production of the documents that resulted from the use of search terms as previously provided by this office.

　　　　While the OIG has, repeatedly, accommodated you and Knorr on issues raised by the subpoena, it principally remains Knorr's obligation to fully comply with the subpoena request.  Knorr's continued unwillingness to produce the remaining responsive and relevant documents is unacceptable to the OIG.

To that end, if Knorr fails to produce all remaining electronic documents by April 7, 2006, then the OIG will take the necessary and appropriate legal action seeking enforcement of its subpoena in federal court. The OIG contends that, given the fact the subpoena request was issued more than ten months ago, this deadline is appropriate and reasonable.

Again, once Knorr has met its obligations under the above-referenced subpoena, the OIG requests that Knorr execute the Certificate of Compliance attached to the subpoena

Sincerely,

James E. Tatum, Jr.
Associate Legal Counsel
Amtrak OIG
(202) 906-4151

# Exhibit 29



FOLEY & LARDNER LLP
ATTORNEYS AT LAW

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

March 23, 2006

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

CLIENT/MATTER NUMBER
058113-0101

**VIA E-MAIL AND FACSIMILE**

James E. Tatum, Jr., Esq.
Associate Legal Counsel
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

Re:    Amtrak Office of Inspector General Subpoena
       Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation

Dear Mr. Tatum:

This responds to your March 16, 2006 letter in which you state the intent of the Amtrak OIG to sue Knorr Brake Corporation ("KBC") for enforcement of the subject subpoena unless KBC produces "all remaining electronic documents" by April 7, 2006. While I understand and appreciate your wish to have KBC's production completed, I do think that your letter is partly based on circumstances beyond KBC's control, as well as some misunderstanding between you and me.

There is no question that, after we produced the first installment of electronic documents on November 15, 2005, we lost a step due to my being out of the office for an extended period, as I previously advised you. When we ramped back up after the first of the year, I found the process daunting in view of the huge amount of electronic data to be reviewed, which is why I responded to your January 12, 2006 letter by asking in my January 17, 2006 e-mail if the Amtrak OIG could provide us with a list of search terms likely to identify documents of greatest interest to you. Our first disconnect is that, while my e-mail did say that we would "cull non-responsive and privileged documents from the data base," I first addressed segregating privileged documents, and waited for your search terms before querying the database.

After I received your search terms and had the search run, I was told that it yielded more than 29,000 documents for a total of more than 370,000 pages. In my view, this result did not reduce the universe of documents and pages sufficiently to warrant commencing our review if there was any possibility that the number of documents in which the Amtrak OIG had the greatest interest could be reduced. This is why I inquired in my February 3, 2006 e-mail whether you had any thoughts on how the volume could be cut down. You responded on February 6, 2006 that you would check with David Sadoff and get back to me. Our second disconnect is that you now say that the pendency of your consideration of providing new terms was not intended to "prohibit or delay" our review and production of documents. With all due respect, I do not find your position at all reasonable under the circumstances.

BOSTON        JACKSONVILLE    NEW YORK        SAN DIEGO/DEL MAR    TAMPA
BRUSSELS      LOS ANGELES     ORLANDO         SAN FRANCISCO        TOKYO
CHICAGO       MADISON         SACRAMENTO      SILICON VALLEY       WASHINGTON, D.C.
DETROIT       MILWAUKEE       SAN DIEGO       TALLAHASSEE          WEST PALM BEACH

WASH_1571773.1

**▪FOLEY**

James E. Tatum, Jr., Esq.
March 23, 2006
Page 2

After February 6, I heard nothing from you until earlier this month. In response to your request that we needed to talk, I inquired in my first March 14, 2006 e-mail whether your request meant that you had further refined the list of search terms. You responded that we needed to meet ASAP, and in my second March 14, 2006 e-mail, I briefly summarized the above history and offered to meet. You then responded with your March 16, 2006 letter.

Finally, when I forwarded your letter to Munich, I learned for the first time that the attorney responsible for this matter had left Knorr-Bremse. As a result, I have necessarily spent time briefing a new Knorr-Bremse attorney. I will be out of the office for the balance of this week, but I expect to be able to get back to you next week to discuss this matter. Under the circumstances, though, I do not consider your deadline of April 7, 2006 for full production of "all remaining electronic documents" to be at all reasonable, notwithstanding the fact that the subpoena is dated May 5, 2005.

As always, please feel free to call me if you have any questions.

Sincerely,

John G. DeGooyer

cc: David Sadoff via e-mail

# Exhibit 30

# ∎FOLEY

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

April 7, 2006

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

CLIENT/MATTER NUMBER
058113-0101

**CONFIDENTIAL – FOIA EXEMPT**

**VIA HAND DELIVERY**

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

Re:    Amtrak Office of Inspector General Subpoena
       Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation

Dear Mr. Carriere:

By letter dated March 16, 2006, Mr. Tatum of your office informed me of the Amtrak OIG's intent to sue Knorr Brake Corporation ("KBC") for enforcement of the subject subpoena unless KBC could produce "all remaining electronic documents" by today, April 7, 2006. In response, I informed Mr. Tatum that, in my view, the circumstances that he cited in his letter as reasons for this ultimatum were beyond KBC's control and reflected some misunderstanding between him and me. I also told Mr. Tatum that the in-house attorney responsible for responding to the subject subpoena had left Knorr-Bremse, which made it necessary for me to bring a new Knorr-Bremse attorney up to date on the production issues in order to resume legal review and production of documents.

I am pleased to report that the document review process is underway. I am enclosing a CD labeled "Knorr Brake Corporation Response to Amtrak IG Subpoena No. 05-03 – Electronic Documents, Vol. 002 – FOIA EXEMPT" containing the second installment of electronic documents of Knorr Brake Corporation ("KBC") responsive to the subject subpoena. As with the first electronic production, this CD contains the following: (i) Concordance database, (ii) Opticon image table, and (iii) images. The Bates range of these documents is KBC 0097269 – KBC 0109711. Now that Mr. Tatum has declined to provide us with additional search terms to further refine the documents that your office immediately needs for your investigation, we plan to continue with a rolling production of additional electronic documents as they are ready for production.

KBC requests that this CD, the information contained therein, and our prior letters and all materials submitted, which bear the legend "FOIA EXEMPT," be afforded confidential treatment pursuant to 49 C.F.R. § 701.9 and the Freedom of Information Act, 5 U.S.C. § 552. Further, all letters and the materials submitted do not indicate or constitute a waiver of KBC's attorney-client privilege. Finally, we request that all letters and all materials submitted, and all copies thereof, be returned to the undersigned at the conclusion of this investigation.

BOSTON          JACKSONVILLE     NEW YORK        SAN DIEGO/DEL MAR    TAMPA
BRUSSELS        LOS ANGELES      ORLANDO         SAN FRANCISCO        TOKYO
CHICAGO         MADISON          SACRAMENTO      SILICON VALLEY       WASHINGTON, D.C.
DETROIT         MILWAUKEE        SAN DIEGO       TALLAHASSEE          WEST PALM BEACH

WASH_1582028.1

**∎FOLEY**

Colin C. Carriere, Esq.                          **CONFIDENTIAL – FOIA EXEMPT**
April 7, 2006
Page 2

As always, please feel free to call me if you have any questions.

Sincerely,

John G. DeGooyer

cc: David Sadoff and James E. Tatum, Jr. via e-mail

Exhibit 31

## Barnhouse, Linda L.

| | |
|---|---|
| **From:** | Tatum, James [TatumJ@amtrak.com] |
| **Sent:** | Friday, April 21, 2006 8:53 AM |
| **To:** | DeGooyer, John G. |
| **Subject:** | RE: Knorr -- Amtrak OIG Subpoena |

John,

Thanks for the update.  My family and I did have a great Easter weekend and trust that yours did as well.  I also hope that your recent medical issues have been resolved favorably to you.

I am still under tremedous pressure from my immediate supervisors to wrap this process up.  I need to know ASAP when Knorr anticipates completing its compliance with our subpoena.  I understand that new counsel have recently come onboard, but I cannot stress enough that we have got to bring this process to a swift conclusion.

Sincerely,

Jim Tatum, Jr.

> -----Original Message-----
> **From:** DeGooyer, John G. [mailto:JDeGooyer@foley.com]
> **Sent:** Thursday, April 13, 2006 8:05 PM
> **To:** Tatum, James
> **Subject:** Knorr -- Amtrak OIG Subpoena
>
>
> Jim -- Although I expected to make another production to you by tomorrow, it now appears that the Knorr personnel in Munich are not back in their office until next Tuesday.  I'll let you know then where things stand.  In the meantime, I hope you and your family have a great Easter weekend.
>
> Regards,
>
> John

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

# Exhibit 32

**Barnhouse, Linda L.**

| | |
|---|---|
| **From:** | Tatum, James [TatumJ@amtrak.com] |
| **Sent:** | Monday, April 24, 2006 7:16 AM |
| **To:** | DeGooyer, John G. |
| **Subject:** | RE: Knorr -- Amtrak OIG Subpoena |

John,

Thanks.  I look forward to it.

Jim

> -----Original Message-----
> **From:** DeGooyer, John G. [mailto:JDeGooyer@foley.com]
> **Sent:** Friday, April 21, 2006 6:02 PM
> **To:** Tatum, James
> **Subject:** RE: Knorr -- Amtrak OIG Subpoena
>
> Jim -- I share your concern about wrapping up this process swiftly.  I will have a report for you on Monday on our progress.
>
> John
>
> > -----Original Message-----
> > **From:** Tatum, James [mailto:TatumJ@amtrak.com]
> > **Sent:** Friday, April 21, 2006 8:53 AM
> > **To:** DeGooyer, John G.
> > **Subject:** RE: Knorr -- Amtrak OIG Subpoena
> >
> >
> > John,
> >
> > Thanks for the update.  My family and I did have a great Easter weekend and trust that yours did as well.  I also hope that your recent medical issues have been resolved favorably to you.
> >
> > I am still under tremedous pressure from my immediate supervisors to wrap this process up.  I need to know ASAP when Knorr anticipates completing its compliance with our subpoena.  I understand that new counsel have recently come onboard, but I cannot stress enough that we have got to bring this process to a swift conclusion.
> >
> > Sincerely,
> >
> > Jim Tatum, Jr.
> >
> > > -----Original Message-----
> > > **From:** DeGooyer, John G. [mailto:JDeGooyer@foley.com]
> > > **Sent:** Thursday, April 13, 2006 8:05 PM
> > > **To:** Tatum, James
> > > **Subject:** Knorr -- Amtrak OIG Subpoena
> > >
> > >
> > > Jim -- Although I expected to make another production to you by tomorrow, it now appears that the Knorr personnel in Munich are not back in their office until next Tuesday.  I'll let you know then where things stand.  In the meantime, I hope you and your family have a great Easter weekend.

Regards,

John

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

Exhibit 33

# ▐ FOLEY

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

April 26, 2006

**CONFIDENTIAL – FOIA EXEMPT**

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

CLIENT/MATTER NUMBER
058113-0101

**VIA HAND DELIVERY**

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

    Re:    Amtrak Office of Inspector General Subpoena
           Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation

Dear Mr. Carriere:

    I am enclosing two (2) CDs labeled "Knorr Brake Corporation Response to Amtrak IG Subpoena No. 05-03 – Electronic Documents, Vol. 003 – FOIA EXEMPT" and "Knorr Brake Corporation Response to Amtrak IG Subpoena No. 05-03 – Electronic Documents, Vol. 004 – FOIA EXEMPT," containing the third and fourth installment of electronic documents of Knorr Brake Corporation ("KBC") responsive to the subject subpoena. As with the first electronic production, this CD contains the following: (i) Concordance database, (ii) Opticon image table, and (iii) images. The Bates range of these documents is KBC 0109712 – KBC 0111484 (Vol. 003) and KBC 0111485 – KBC 0128898 (Vol. 004).

    KBC requests that these CDs, the information contained therein, and our prior letters and all materials submitted, which bear the legend "FOIA EXEMPT," be afforded confidential treatment pursuant to 49 C.F.R. § 701.9 and the Freedom of Information Act, 5 U.S.C. § 552. Further, all letters and the materials submitted do not indicate or constitute a waiver of KBC's attorney-client privilege. Finally, we request that all letters and all materials submitted, and all copies thereof, be returned to the undersigned at the conclusion of this investigation.

    As always, please feel free to call me if you have any questions.

           Sincerely,

           John G. DeGooyer

cc: David Sadoff and James E. Tatum, Jr. via e-mail

BOSTON
BRUSSELS
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MILWAUKEE

NEW YORK
ORLANDO
SACRAMENTO
SAN DIEGO

SAN DIEGO/DEL MAR
SAN FRANCISCO
SILICON VALLEY
TALLAHASSEE

TAMPA
TOKYO
WASHINGTON, D.C.
WEST PALM BEACH

Exhibit 34

# ■FOLEY

**FOLEY & LARDNER LLP**
**ATTORNEYS AT LAW**

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

CLIENT/MATTER NUMBER
058113-0101

May 5, 2006

**CONFIDENTIAL – FOIA EXEMPT**

<u>V<small>IA</small> H<small>AND</small> D<small>ELIVERY</small></u>

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

> Re:   Amtrak Office of Inspector General Subpoena
>       <u>Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation</u>

Dear Mr. Carriere:

I am enclosing one (1) CD labeled "Knorr Brake Corporation Response to Amtrak IG Subpoena No. 05-03 – Electronic Documents, Vol. 005 – FOIA EXEMPT," containing the fifth installment of electronic documents of Knorr Brake Corporation ("KBC") responsive to the subject subpoena. As with the first electronic production, this CD contains the following: (i) Concordance database, (ii) Opticon image table, and (iii) images. The Bates range of these documents is KBC 0128899 – KBC 0137809.

KBC requests that this CD, the information contained therein, and our prior letters and all materials submitted, which bear the legend "FOIA EXEMPT," be afforded confidential treatment pursuant to 49 C.F.R. § 701.9 and the Freedom of Information Act, 5 U.S.C. § 552. Further, all letters and the materials submitted do not indicate or constitute a waiver of KBC's attorney-client privilege. Finally, we request that all letters and all materials submitted, and all copies thereof, be returned to the undersigned at the conclusion of this investigation.

As always, please feel free to call me if you have any questions.

Sincerely,

John G. DeGooyer

cc: David Sadoff and James E. Tatum, Jr. via e-mail

BOSTON        JACKSONVILLE    NEW YORK      SAN DIEGO/DEL MAR    TAMPA
BRUSSELS      LOS ANGELES     ORLANDO       SAN FRANCISCO        TOKYO
CHICAGO       MADISON         SACRAMENTO    SILICON VALLEY       WASHINGTON, D.C.
DETROIT       MILWAUKEE       SAN DIEGO     TALLAHASSEE          WEST PALM BEACH

WASH_1596918.1

Exhibit 35

NATIONAL RAILROAD PASSENGER CORPORATION
Inspector General, Investigations, 10 G Street, NE, Suite 3E-400, Washington, DC 20002

AMTRAK

May 25, 2006

By Facsimile and Mail
John G. DeGooyer, Esq.
Foley & Lardner, LLP
3000 K. Street, N.W.
 Suite 500
Washington, DC  20007-5143

                        Re:    Knorr Brake Corp. Compliance with
                               Amtrak Inspector General Subpoena 05-03

Dear Mr. DeGooyer:

        This letter is to confirm Knorr Brake Corporation's ("Knorr") recent representations concerning its compliance with the above-captioned subpoena issued by Amtrak's Office of Inspector General ("OIG"), Office of Investigations ("OI").  It is crucial that Knorr meet its represented deadlines, and those set forth herein, to avoid an enforcement action by the OIG.

        On April 7, 2006, Knorr (through Foley & Lardner, LLP) sent to the OIG-OI its second installment of responsive electronic documents.[1]  On April 25, 2006, you sent me an e-mail that stated that Knorr anticipated completing production of its electronic documents by June 2, 2006, approximately five weeks from the date of the e-mail. Following completion of this production, Knorr would complete its review of presumptively privileged documents, produce those that were deemed to not be privileged, and prepare and provide OIG-OI a privilege log regarding those documents over which Knorr was claiming privilege.  The OIG-OI expects any privilege log to be submitted no later than June 12, 2006.

        Once Knorr has met its obligations under the above-referenced subpoena, the OIG requests that Knorr execute the Certificate of Compliance attached to the subpoena

                                        Sincerely,

                                        James E. Tatum, Jr.
                                        Associate Legal Counsel
                                        Amtrak OIG
                                        (202) 906-4151

---

[1] On May 5, 2006, Knorr sent another installment of electronic documents to the OIG-OI.

Exhibit 36



**FOLEY & LARDNER LLP**

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

CLIENT/MATTER NUMBER
058113-0101

June 6, 2006

**CONFIDENTIAL – FOIA EXEMPT**

**VIA FACSIMILE AND FIRST CLASS MAIL**

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

Re:     Amtrak Office of Inspector General Subpoena
        Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation

Dear Mr. Carriere:

This responds to Mr. Tatum's May 25, 2006 to me letter in which he set a deadline of June 12, 2006 for KBC to provide its privilege log to you. As I informally informed Mr. Tatum by e-mail correspondence last week, despite my expectation in late April that Knorr could complete its production of the electronic documents by approximately June 2, 2006, that did not occur. Many more documents remain to be reviewed and, if responsive, produced. Then, we can turn to preparation of the privilege log.

The problem continues to be with the ability of the Knorr legal staff in Munich to access the database in order to review the electronic documents. We continue to work in every way to fix these problems and to avoid recurrences thereof, but that has proven to be a challenge. Despite efforts over much of last week, for example, the Knorr people are today having trouble with the database. An additional hurdle has been that, even when the database is accessible, Knorr's lack of sufficient manpower has limited the number of documents that can be reviewed and approved for production. Knorr has advised that they are acquiring additional manpower, but I do not have a revised estimate of the time within which Knorr can complete its review, even assuming no further access issues. For the same reasons, Knorr will be unable to provide the privilege log to you by June 12, 2006.

Sincerely,

John G. DeGooyer

cc: David Sadoff and James Tatum, via e-mail

BOSTON          JACKSONVILLE     NEW YORK         SAN DIEGO/DEL MAR     TAMPA
BRUSSELS        LOS ANGELES      ORLANDO          SAN FRANCISCO         TOKYO
CHICAGO         MADISON          SACRAMENTO       SILICON VALLEY        WASHINGTON, D.C.
DETROIT         MILWAUKEE        SAN DIEGO        TALLAHASSEE           WEST PALM BEACH
WASH_1624348.1

Exhibit 37

**Barnhouse, Linda L.**

| | |
|---|---|
| **From:** | Tatum, James [TatumJ@amtrak.com] |
| **Sent:** | Monday, June 12, 2006 1:22 PM |
| **To:** | DeGooyer, John G. |
| **Subject:** | RE: Knorr -- Electronic Production |

John,

We received your response to our May 25th letter.  As you can imagine, our office is disappointed that Knorr was unable to meet what we believe was a reasonable (and extended) deadline.  We recognize the complications as set forth in your e-mail below and the corresponding letter.  Nevertheless, our office is under extreme pressure to bring its investigation to a close.  In order to do this, we need the responsive documents that we subpoenaed over a year ago.  If Knorr cannot provide us a reasonable date by which it will conclude this process, our office will be forced to seek subpeona enforcement in federal court.

Jim

> -----Original Message-----
> **From:** DeGooyer, John G. [mailto:JDeGooyer@foley.com]
> **Sent:** Friday, June 02, 2006 1:55 PM
> **To:** Tatum, James
> **Subject:** Knorr -- Electronic Production
>
>
> Jim --
> This responds informally to your May 25, 2006 letter.  I will provide a letter on this subject next Monday, when my assistant will return to the office.
>
> Despite my expectation in late April that Knorr could complete its production of the electronic documents by approximately today, that will not occur.  Many more documents remain to be reviewed.  The problem continues to be with the ability of the Knorr people in Munich to access the database.  We continue to work in every way to fix these problems and to avoid recurrences thereof, but that has proven to be a challenge.  Also, even when the access had been working, Knorr suffered from a lack of sufficient manpower to review large numbers of documents.  I am told that they are acquiring additional manpower, but I do not have a revised estimate of the time within which Knorr can complete its review, even assuming no further access issues.
>
> For the same reasons, Knorr will be unable to provide the privilege log to you by the deadline you have prescribed.
> As always, call if you have any questions.
> Best regards,
> John

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To

the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

Exhibit 38

**Barnhouse, Linda L.**

| | |
|---|---|
| **From:** | Tatum, James [TatumJ@amtrak.com] |
| **Sent:** | Monday, June 12, 2006 1:29 PM |
| **To:** | DeGooyer, John G. |
| **Subject:** | RE: Knorr -- Electronic Production |

John,

Thanks for your quick response. I look forward to receiving additional information from you.

Jim

-----Original Message-----
**From:** DeGooyer, John G. [mailto:JDeGooyer@foley.com]
**Sent:** Monday, June 12, 2006 1:27 PM
**To:** Tatum, James
**Subject:** RE: Knorr -- Electronic Production

Jim,

Knorr informed me earlier today that today they had no difficulty accessing the database and that they will make a production tomorrow. I will discuss with them then (as it's now 7:30 PM in Munich) when they project the production can be completed.

John

-----Original Message-----
**From:** Tatum, James [mailto:TatumJ@amtrak.com]
**Sent:** Monday, June 12, 2006 1:22 PM
**To:** DeGooyer, John G.
**Subject:** RE: Knorr -- Electronic Production

John,

We received your response to our May 25th letter. As you can imagine, our office is disappointed that Knorr was unable to meet what we believe was a reasonable (and extended) deadline. We recognize the complications as set forth in your e-mail below and the corresponding letter. Nevertheless, our office is under extreme pressure to bring its investigation to a close. In order to do this, we need the responsive documents that we subpoenaed over a year ago. If Knorr cannot provide us a reasonable date by which it will conclude this process, our office will be forced to seek subpoena enforcement in federal court.

Jim

-----Original Message-----
**From:** DeGooyer, John G. [mailto:JDeGooyer@foley.com]
**Sent:** Friday, June 02, 2006 1:55 PM
**To:** Tatum, James
**Subject:** Knorr -- Electronic Production

Jim --
This responds informally to your May 25, 2006 letter. I will provide a letter on this subject next Monday, when my assistant will return to the office.

1

Despite my expectation in late April that Knorr could complete its production of the electronic documents by approximately today, that will not occur. Many more documents remain to be reviewed. The problem continues to be with the ability of the Knorr people in Munich to access the database. We continue to work in every way to fix these problems and to avoid recurrences thereof, but that has proven to be a challenge. Also, even when the access had been working, Knorr suffered from a lack of sufficient manpower to review large numbers of documents. I am told that they are acquiring additional manpower, but I do not have a revised estimate of the time within which Knorr can complete its review, even assuming no further access issues.

For the same reasons, Knorr will be unable to provide the privilege log to you by the deadline you have prescribed.
As always, call if you have any questions.
Best regards,
John

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

The preceding email message may be confidential or protected by the attorney-client privilege. It is not intended for transmission to, or receipt by, any unauthorized persons. If you have received this message in error, please (i) do not read it, (ii) reply to the sender that you received the message in error, and (iii) erase or destroy the message. Legal advice contained in the preceding message is solely for the benefit of the Foley & Lardner LLP client(s) represented by the Firm in the particular matter that is the subject of this message, and may not be relied upon by any other party.

Internal Revenue Service regulations require that certain types of written advice include a disclaimer. To the extent the preceding message contains advice relating to a Federal tax issue, unless expressly stated otherwise the advice is not intended or written to be used, and it cannot be used by the recipient or any other taxpayer, for the purpose of avoiding Federal tax penalties, and was not written to support the promotion or marketing of any transaction or matter discussed herein.

Exhibit 39



**FOLEY & LARDNER LLP**

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

June 16, 2006

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

**CONFIDENTIAL – FOIA EXEMPT**

CLIENT/MATTER NUMBER
058113-0101

<u>VIA HAND DELIVERY</u>

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

Re:     Amtrak Office of Inspector General Subpoena
        <u>Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation</u>

Dear Mr. Carriere:

I am enclosing four (4) DVDs constituting the sixth, seventh, eighth and ninth installments of electronic documents of Knorr Brake Corporation ("KBC") responsive to the subject subpoena. As with the first electronic production, these DVDs contain the following: (i) Concordance database, (ii) Opticon image table, and (iii) images.

The DVDs are labeled as follows:

1. "Knorr Brake Corporation Response to Amtrak IG Subpoena No. 05-03 – Electronic Documents, Vol. 006, Bates numbers KBC 0137810 - KBC 0187309, and database – FOIA EXEMPT";

2. "Knorr Brake Corporation Response to Amtrak IG Subpoena No. 05-03 – Electronic Documents, Vol. 006 (cont.), Bates numbers KBC 0187310 - KBC 0191297; and Vol. 007, Bates numbers KBC 0191298 – KBC 0209314 – FOIA EXEMPT";

3. "Knorr Brake Corporation Response to Amtrak IG Subpoena No. 05-03 – Electronic Documents, Vol. 008, Bates numbers KBC 0209315 - KBC 0284314 – FOIA EXEMPT"; and

4. "Knorr Brake Corporation Response to Amtrak IG Subpoena No. 05-03 – Electronic Documents, Vol. 008 (cont.), Bates numbers KBC 0284315 - KBC 0304441; and Vol. 009, Bates numbers KBC 0304442 – KBC 0358205 – FOIA EXEMPT";



**FOLEY & LARDNER LLP**

Colin C. Carriere, Esq.                                    **CONFIDENTIAL – FOIA EXEMPT**
June 16, 2006
Page 2

      KBC requests that these DVDs, the information contained therein, and our prior letters and all materials submitted, which bear the legend "FOIA EXEMPT," be afforded confidential treatment pursuant to 49 C.F.R. § 701.9 and the Freedom of Information Act, 5 U.S.C. § 552. Further, all letters and the materials submitted do not indicate or constitute a waiver of KBC's attorney-client privilege.  Finally, we request that all letters and all materials submitted, and all copies thereof, be returned to the undersigned at the conclusion of this investigation.

      As always, please feel free to call me if you have any questions.

                                    Sincerely,

                                    John G. DeGooyer

cc:  David Sadoff and James E. Tatum, Jr. via e-mail

Exhibit 40

NATIONAL RAILROAD PASSENGER CORPORATION
Inspector General, Investigations, 10 G Street, NE, Suite 3E-400, Washington, DC 20002

**AMTRAK**

June 23, 2006

<u>By Facsimile and Mail</u>
John G. DeGooyer, Esq.
Foley & Lardner, LLP
3000 K. Street, N.W.
 Suite 500
Washington, DC  20007-5143

Re:     Knorr Brake Corp. Compliance with
         <u>Amtrak Inspector General Subpoena 05-03</u>

Dear Mr. DeGooyer:

This Office is in receipt of your letter dated June 16, 2006, in which you provided four (4) additional DVDs in response to the above-captioned subpoena.  Unfortunately, your letter fails to address when Knorr will complete its required production.  The current, open-ended time frame cannot continue.  Rather, this Office is requiring that Knorr complete its final production and provide this office with a certificate of compliance and privilege log on or before July 17, 2006.  If Knorr fails to meet this timetable, this Office will seek judicial enforcement of its subpoena.

Sincerely,

James E. Tatum, Jr.
Associate Legal Counsel
Amtrak OIG
(202) 906-4151

# Exhibit 41



**FOLEY & LARDNER LLP**

**FOLEY & LARDNER LLP**
**ATTORNEYS AT LAW**

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

July 17, 2006

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

**CONFIDENTIAL – FOIA EXEMPT**

CLIENT/MATTER NUMBER
058113-0101

**VIA HAND DELIVERY**

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

   Re: Amtrak Office of Inspector General Subpoena
      Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation

Dear Mr. Carriere:

   I am enclosing one (1) CD labeled "Knorr Brake Corporation Response to Amtrak IG Subpoena No. 05-03 – Electronic Documents, Vol. 010 – FOIA EXEMPT," containing the tenth installment of electronic documents of Knorr Brake Corporation ("KBC") responsive to the subject subpoena. As with the first electronic production, this CD contains the following: (i) Concordance database, (ii) Opticon image table, and (iii) images. The Bates range of these documents is KBC 0358206 - KBC 0361559.

   KBC requests that this CD, the information contained therein, and our prior letters and all materials submitted, which bear the legend "FOIA EXEMPT," be afforded confidential treatment pursuant to 49 C.F.R. § 701.9 and the Freedom of Information Act, 5 U.S.C. § 552. Further, all letters and the materials submitted do not indicate or constitute a waiver of KBC's attorney-client privilege. Finally, we request that all letters and all materials submitted, and all copies thereof, be returned to the undersigned at the conclusion of this investigation.

   As always, please feel free to call me if you have any questions.

        Sincerely,

        John G. DeGooyer

cc: David Sadoff and James E. Tatum, Jr. via e-mail

BOSTON   JACKSONVILLE  NEW YORK   SAN DIEGO/DEL MAR  TAMPA
BRUSSELS   LOS ANGELES  ORLANDO   SAN FRANCISCO   TOKYO
CHICAGO   MADISON   SACRAMENTO  SILICON VALLEY   WASHINGTON, D.C.
DETROIT   MILWAUKEE  SAN DIEGO   TALLAHASSEE   WEST PALM BEACH

# Exhibit 42



**FOLEY & LARDNER LLP**

FOLEY & LARDNER LLP
ATTORNEYS AT LAW

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

CLIENT/MATTER NUMBER
058113-0101

November 15, 2006

**CONFIDENTIAL – FOIA EXEMPT**

**VIA HAND DELIVERY**

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

Re:   Amtrak Office of Inspector General Subpoena
      Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation

Dear Mr. Carriere:

I am enclosing two (2) DVDs labeled "Knorr Brake Corporation Response to Amtrak IG Subpoena No. 05-03 – Electronic Documents, Vol. 011 – FOIA EXEMPT," containing the eleventh installment of electronic documents of Knorr Brake Corporation ("KBC") responsive to the subject subpoena. As with the first electronic production, these DVDs contain the following: (i) Concordance database, (ii) Opticon image table, and (iii) images. The Bates range of these documents is KBC 0361560 - KBC 0503467.

KBC requests that these DVDs, the information contained therein, and our prior letters and all materials submitted, which bear the legend "FOIA EXEMPT," be afforded confidential treatment pursuant to 49 C.F.R. § 701.9 and the Freedom of Information Act, 5 U.S.C. § 552. Further, all letters and the materials submitted do not indicate or constitute a waiver of KBC's attorney-client privilege. Finally, we request that all letters and all materials submitted, and all copies thereof, be returned to the undersigned at the conclusion of this investigation.

As always, please feel free to call me if you have any questions.

Sincerely,

*John G. DeGooyer*

John G. DeGooyer

cc: David Sadoff and James E. Tatum, Jr. via e-mail

BOSTON
BRUSSELS
CHICAGO
DETROIT

JACKSONVILLE
LOS ANGELES
MADISON
MILWAUKEE

NEW YORK
ORLANDO
SACRAMENTO
SAN DIEGO

SAN DIEGO/DEL MAR
SAN FRANCISCO
SILICON VALLEY
TALLAHASSEE

TAMPA
TOKYO
WASHINGTON, D.C.
WEST PALM BEACH

Exhibit 43


**FOLEY & LARDNER LLP**

**FOLEY & LARDNER LLP**
**ATTORNEYS AT LAW**

WASHINGTON HARBOUR
3000 K STREET, N.W., SUITE 500
WASHINGTON, D.C. 20007-5143
202.672.5300 TEL
202.672.5399 FAX
www.foley.com

WRITER'S DIRECT LINE
202.295.4047
jdegooyer@foley.com EMAIL

CLIENT/MATTER NUMBER
058113-0101

November 16, 2006

**CONFIDENTIAL – FOIA EXEMPT**

**VIA HAND DELIVERY**

Colin C. Carriere, Esq.
Counsel to Inspector General
Office of Inspector General
National Railroad Passenger Corp.
10 G Street, N.E., Suite 3E-400
Washington, D.C. 20002

Re:    Amtrak Office of Inspector General Subpoena
        Number 05-03; Issued May 5, 2005 to Knorr Brake Corporation

Dear Mr. Carriere:

I am enclosing two (2) DVDs labeled "Knorr Brake Corporation Response to Amtrak IG Subpoena No. 05-03 – Electronic Documents, Vol. 012 – FOIA EXEMPT," containing the twelfth installment of electronic documents of Knorr Brake Corporation ("KBC") responsive to the subject subpoena. As with the first electronic production, these DVDs contain the following: (i) Concordance database, (ii) Opticon image table, and (iii) images. The Bates range of these documents is KBC 0503468 - KBC 0633677.

KBC requests that these DVDs, the information contained therein, and our prior letters and all materials submitted, which bear the legend "FOIA EXEMPT," be afforded confidential treatment pursuant to 49 C.F.R. § 701.9 and the Freedom of Information Act, 5 U.S.C. § 552. Further, all letters and the materials submitted do not indicate or constitute a waiver of KBC's attorney-client privilege. Finally, we request that all letters and all materials submitted, and all copies thereof, be returned to the undersigned at the conclusion of this investigation.

As always, please feel free to call me if you have any questions.

Sincerely,

*John G. DeGooyer* (signature)

John G. DeGooyer

cc: David Sadoff and James E. Tatum, Jr. via e-mail