UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED E. WEIDERHOLD, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KNORR BRAKE CORPORATION, )<br>)<br>Respondent. )<br>) | Misc. Civil No. 06-0423 (PLF/DAR) |

**KNORR BRAKE CORPORATION'S MEMORANDUM IN OPPOSITION
TO PETITIONER'S MOTION TO SCHEDULE MERITS HEARING**

Respondent Knorr Brake Corporation ("KBC") respectfully submits this memorandum in opposition to Petitioner's Motion to Schedule Hearing on Petition for Summary Enforcement of Administrative Subpoena on December 12, 2006 (hereinafter, the "Motion"). The Motion was filed by Petitioner Fred E. Weiderhold, Jr., Inspector General of the National Railroad Passenger Corporation ("Amtrak"), in an attempt to convert what had been scheduled as a status conference regarding this proceeding on December 12, 2006 into a dispositive "hearing on the merits" regarding Petitioner's claims in its Petition. As more fully set forth below, the Motion should be denied, because the relief it seeks exceeds the scope of the District Court's reference of this matter to the magistrate judge. In addition to this fundamental legal infirmity, Petitioner's Motion is also premature, because the scope of the matters still at issue in this proceeding remain to be defined.

**ARGUMENT**

On November 8, 2006, the District Judge issued a Referral Order in this proceeding, referring this matter to the magistrate judge "for management of all *pre-trial* matters." Referral

Order, Docket No. 7, Nov. 8, 2006, at 1 (emphasis added). The scope of this referral explicitly precludes the magistrate judge from conducting the "hearing on the merits" requested by the Motion, in the absence of the consent of all the parties. The Referral Order advises the parties of their right, in accordance with Rule 73 of the Federal Rules of Civil Procedure to consent to the assignment of the case to a magistrate judge "to conduct any and all proceedings, including the final decision on motions for summary judgment or other dispositive motions, as well as trial (with or without a jury)." *Id.* In the absence of such consent, however, the scope of the referral to the magistrate is subject to the limitations of Rule 72 of the Federal Rules of Civil Procedure, which authorizes the magistrate to hear and determine "nondispositive matters" and to make recommendations regarding the disposition of any "dispositive motion." Fed. R. Civ. P. 72. Because there has been no dispositive motion filed in this proceeding, the Referral Order limits the magistrate to hearing and determining *nondispositive* matters.

The limits imposed by Rule 72 reflect the careful and intentional circumscription of magistrates' authority in the Federal Magistrates Act (the "Act"), 28 U.S.C. § 636. In the absence of the consent of the parties, magistrates do not have authority under the Act to perform fact-finding on the merits of a subpoena enforcement proceeding. *See Banks v. United States*, 614 F.2d 95, 97 (6th Cir. 1980) ("Except for prisoner's cases, the act does not permit the magistrate to perform fact-finding on the merits of a case. That is the exclusive function of a district judge."). This limitation on a magistrate's authority has its basis in the Constitution itself, because magistrates are not Article III judges, and their exercise of judicial authority therefore implicates constitutional considerations. *See, e.g., Glover v. Alabama Bd. of Corrections*, 660 F.2d 120, 124 (Former 5th Cir. Oct. 1981) ("A decision without consent by a magistrate, a non-Article III judge, would undermine this objective of the Constitution and might

violate the rights of the parties"); *Calderon v. Waco Lighthouse for the Blind*, 630 F.2d 352, 353-54 n.1 (5th Cir. 1980) (legislative history indicates Congress considered consent of parties to be vital element of magistrate's exercise of authority under 28 U.S.C. § 636(c) to ensure that referral would not violate constitutional rights). Accordingly, Petitioner's Motion seeks relief that is not available under the terms of the Referral Order, because the December 12, 2006 hearing before the magistrate judge cannot be a "hearing on the merits" of the Petition.

Moreover, Petitioner's Motion is extremely premature, because there remain several preliminary matters for the magistrate judge to resolve prior to any hearing on the merits of the Petition. For instance, this proceeding was only recently consolidated with a related subpoena enforcement proceeding between Petition and Bombardier, Inc. ("Bombardier"), Alstom Transportation, Inc. ("Alstom"), and the Northeast Corridor Maintenance Services Corporation ("NeCMSC"), *Weiderhold v. Bombardier, Inc. et al.*, Civ. No. 1:05-MC-0367 (PLF/DAR). Thus, one important "pre-trial matter" for the Court to resolve in the status conference scheduled for December 12, 2006 will be to determine the common issues between the two consolidated cases. Another important "pre-trial matter" for the magistrate judge to resolve prior to any "hearing on the merits" is to narrow the scope of issues that remain in dispute for any ultimate "hearing on the merits" of the Petition. As KBC explained in its November 24, 2006 Response to the Court's October 13, 2006 Show Cause Order, many of the claims asserted in the Petition have been mooted due to KBC's comprehensive production of its electronic documents. Indeed, counsel for Petitioner has acknowledged that, in light of KBC's production efforts, many issues raised in the Petition likely can be resolved. Without a preliminary inquiry and determination by the Court as to what issues actually remain in dispute, Petitioner's demand for a hearing on the merits would waste valuable judicial resources and would impose unnecessary burdens on the

parties in preparing, presenting and responding to evidence on matters that are no longer germane to resolution of the dispute.

## CONCLUSION

For the foregoing reasons, KBC respectfully requests that Petitioner's Motion be denied.

Dated:     December 1, 2006                                    Respectfully submitted,


/s/ John G. DeGooyer
John G. DeGooyer (D.C. Bar No.017970)
Frank S. Murray (D.C. Bar No. 452063)
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C.  20007-5143
Telephone 202.672.5300
Facsimile 202.672.5399

*Attorney for Knorr Brake Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on December 1, 2006, true and correct copies of the foregoing Memorandum in Opposition to Petitioner's Motion to Schedule Merits Hearing, proposed Order, and the Notice of Electronic Filing thereof were served by first-class mail, postage prepaid, upon:

> James E. Tatum, Jr.
> NATIONAL RAILROAD PASSENGER CORPORATION
> Office of the Inspector General
> 10 G Street, N.E.
> Room 3E-414
> Washington, D.C. 20002

/s/ John G. DeGooyer

WASH_1758130.1