UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRED E. WEIDERHOLD, JR., )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KNORR BRAKE CORPORATION, )<br>)<br>Respondent. )<br>) | Misc. Civil No. 06-0423 (PLF/DAR) |

**NOTICE OF KNORR BRAKE CORPORATION'S
OPPOSITION TO MOTION TO CONSOLIDATE**

Respondent Knorr Brake Corporation ("KBC") respectfully submits this notice of its opposition to the Motion to Consolidate filed with the Court by Respondents Bombardier, Inc., Alstom Transportation, Inc., and the Northeast Corridor Maintenance Services Company (collectively hereinafter, the "Bombardier Respondents") in Misc. Civil Action No. 05-00367 (the "Bombardier Enforcement Proceeding") on December 14, 2006.

Although counsel for KBC indicated at the December 12, 2006 status hearing in this proceeding that it would support a motion for consolidation, information KBC learned for the first time in the course of discussions with the Petitioner and the Bombardier Respondents following the status hearing has caused KBC to conclude that the issues in this proceeding and those in the Bombardier Enforcement Proceeding are too dissimilar to be amenable for consolidation of the two proceedings. Specifically, there are issues in the Bombardier Enforcement Proceeding regarding the potential loss of responsive material as a result of a server crash, as well as what the Bombardier Respondents' duties are with respect to reviewing back-up tapes or issuing reports about the server crash and efforts to recover lost data. There are no such

issues in this proceeding, and it would not be an efficient use of judicial resources to involve KBC in a dispute in which it has no stake and nothing to contribute. Moreover, although the Petitioner has raised an argument regarding the production of "native files" in both this proceeding and the Bombardier Enforcement Proceeding, KBC learned during the discussions following the December 12, 2006 status hearing that there are significant differences in the manner in which KBC and the Bombardier Respondents produced their electronic documents. Thus, consolidation of the two proceedings would not lead to more efficient resolution of the "native files" issues given the divergent set of facts on which Petitioner's claims are based in the two proceedings.

Finally, KBC and Petitioner have requested and been granted a temporary stay in order to pursue resolution of the dispute underlying this subpoena enforcement proceeding, whereas the Bombardier Respondents have not requested such a stay. Therefore, consolidation could interfere with the efforts of KBC and Petitioner to resolve the disputes underlying this proceeding.

For the reasons set forth above, KBC respectfully requests that the Court deny the Bombardier Respondents' Motion to Consolidate Misc. Civil Action No. 05-00367 with this proceeding.

Dated:   December 26, 2006                     Respectfully submitted,

/s/ John G. DeGooyer
John G. DeGooyer (D.C. Bar No.017970)
Frank S. Murray (D.C. Bar No. 452063)
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C.  20007-5143
Telephone 202.672.5300
Facsimile 202.672.5399
*Attorney for Knorr Brake Corporation*

**CERTIFICATE OF SERVICE**

   I hereby certify that on December 26, 2006, true and correct copies of the foregoing Notice of Opposition to Motion to Consolidate, and the Notice of Electronic Filing thereof were served by first-class mail, postage prepaid, upon:

    James E. Tatum, Jr.
    NATIONAL RAILROAD PASSENGER CORPORATION
    Office of the Inspector General
    10 G Street, N.E.
    Room 3E-414
    Washington, D.C.  20002


    Philip Le B. Douglas
    Jones Day
    222 East 41st Street
    New York, NY  10017
    Counsel for Bombardier, Inc. and NeCMSC


    Timothy M. Broas
    Winston & Strawn, LLP
    1700 K Street, N.W.
    Washington, DC  20006



            /s/ John G. DeGooyer