## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is effective as of February 23, 2007, and is made by, between and among FRED E. WEIDERHOLD, JR., Inspector General for the National Railroad Passenger Corporation ("Inspector General") and KNORR BRAKE CORPORATION ("KBC").

## RECITALS

WHEREAS, the Inspector General caused Subpoena No. 05-03 ("Subpoena") to be served upon KBC on or about May 5, 2005, requesting production of certain documents in connection with the Inspector General's investigation of the discovery of brake spoke cracks in Amtrak's Acela trainsets; and

WHEREAS, KBC produced documents responsive to the Subpoena to the Inspector General in several installments between June 2005 and January 2007, which documents have been identified with Bates numbering as KBC000001-KBC0633920; and

WHEREAS, the Inspector General filed a petition to enforce the Subpoena ("Petition") in the United States District Court for the District of Columbia ("Court") on September 18, 2006, which proceeding has been designated by the Court as Misc. Civil No. 06-0423 (PLF/DAR); and

WHEREAS, KBC identified in a privilege log a limited number of documents it withheld from production under the Subpoena on the basis of a claim of privilege;

NOW THEREFORE, in consideration of the promises and the mutual agreements, covenants, terms and provisions set forth herein, the parties hereby agree as follows:

1. KBC submits that its production of documents is complete. Based on KBC's representations, the Inspector General elects not to challenge KBC's privilege log.

2. KBC will afford the Inspector General the opportunity to review electronic documents produced by KBC in their native format. The Inspector General may review these native format files only at the offices of KBC's attorneys, Foley & Lardner LLP ("Foley"), 3000 K Street, N.W., Washington, DC. One week prior to each such inspection, the Inspector General will provide Foley with a written list identifying each document for which the Inspector General wishes to inspect the native file. Such advance notice is required to permit Foley to make the appropriate files available for inspection by the Inspector General. The number of documents identified for each native format review shall not exceed fifty (50) documents.

3. KBC has provided the Inspector General with the signed Declaration of Richard Bowie dated February 22, 2007 ("Bowie Declaration") (copy attached) regarding KBC's production efforts in response to the Subpoena. The Inspector General has accepted the Bowie Declaration in lieu of the Certificate of Compliance sought by the Subpoena and demanded in the Petition.

4. The Inspector General hereby agrees that all other issues raised in the Petition have been settled between the parties and will not be raised in future proceedings before the

Settlement Agreement and Release dated February 23, 2007
Page 2 of 2

Court. This Agreement does not preclude either party from seeking judicial relief to enforce the terms of said Agreement.

5. Following execution of this Agreement, the Inspector General will file a motion with the Court to dismiss the Petition in Misc. Civil No. 06-0423 (PLF/DAR).

6. The parties acknowledge and agree that this Agreement can be executed in counterparts and that faxed signatures constitute originals.

Dated:   February 23, 2007

_____  _____
Colin C. Carriere (D.C. Bar No. 375016)   John G. DeGooyer (D.C. Bar No. 017970)
Counsel to the Inspector General   Frank S. Murray (D.C. Bar No. 452063)
Office of the Inspector General   FOLEY & LARDNER LLP
National Railroad Passenger Corporation   3000 K Street, N.W., Suite 500
10 G Street, N.E.   Washington, D.C. 20007-5143
Room 3E-404   Telephone 202.672.5300
Washington, D.C. 20002   Facsimile 202.672.5399
Telephone 202.906.4355
Facsimile 202.906.4695

*Attorneys for Knorr Brake Corporation*

_____
James E. Tatum, Jr. (D.C. Bar No. 432860)
Associate Legal Counsel to the Inspector General
Office of the Inspector General
National Railroad Passenger Corporation
10 G Street, N.E.
Room 3E-414
Washington, D.C. 20002
Telephone 202.906. 4151
Facsimile 202. 906.4695

*Attorneys for National Railroad Passenger Corporation*

## DECLARATION OF RICHARD BOWIE

I, Richard Bowie, hereby declare as follows:

1. My name is Richard Bowie. I am the Director of Engineering for Knorr Brake Corporation ("KBC"), the respondent in this action.

2. On May 5, 2005, the Inspector General of the National Railroad Passenger Corporation ("Amtrak") issued Subpoena No. 05-03 to the Custodian of Records for KBC.

3. In response to the Subpoena, KBC's employees searched KBC's hard-copy and electronic files to locate documents in KBC's possession, custody or control that were responsive to the twelve paragraphs on pages 3 and 4 of Attachment A to the Subpoena. These documents were provided to our legal counsel.

4. On information and belief, (a) KBC made approximately 300,000 pages of original hard-copy documents available to employees of Amtrak's Office of Inspector General ("OIG") for inspection and copying; (b) the Amtrak OIG employees reviewed the documents and then selected which of those documents they wanted to be produced; and (c) KBC, through legal counsel, thereupon produced those documents, totaling 42,403 pages.

5. On information and belief, KBC thereafter produced, through legal counsel, the equivalent of approximately 600,000 pages of electronic files on CDs or DVDs that (with the exception of one disk, which has since been replaced) contained (i) Concordance database, (ii) Opticon image table, and (iii) images.

6. Upon information and belief, KBC's legal counsel (a) then reviewed a number of additional electronic documents for responsiveness and privilege, and (b) produced additional electronic documents on January 16, 2007, thus completing KBC's production of documents under the Subpoena.

WASH_1792501.1

7. Upon information and belief, KBC's legal counsel provided Amtrak's Inspector General on January 16, 2007 with a privilege log (a) identifying documents that KBC is not producing because they are protected by the attorney-client privilege and/or the attorney work product doctrine, and (b) providing as to each document the basis of the privilege(s) claimed.

8. All hard-copy and electronic documents that KBC produced pursuant to the Subpoena are true and accurate copies of the original documents in KBC's possession, custody or control.

9. KBC is unaware of any hard-copy or electronic documents responsive to the Subpoena that are or were in KBC's possession, custody or control that have not been produced to Amtrak's Inspector General pursuant to the Subpoena, other than the privileged documents mentioned above.

To the best of my knowledge, I declare that the foregoing is true and correct.

Dated: February 22, 2007

_____
Richard Bowie